PEOPLE v BREWER

Docket No. 78-175. Submitted December 6, 1978, at Lansing.—Decided March 6, 1979. Leave to appeal applied for.

Carey Brewer was convicted of armed robbery, Recorder's Court of Detroit, Justin C. Ravitz, J. The defendant appeals, alleging that he was denied effective assistance of counsel due to the fact that, at the time of his trial, his attorney was under suspension from the practice of law for failure to pay state bar dues. *Held:*

The suspension of the attorney for failure to pay state bar dues does not automatically necessitate the reversal of the defendant's conviction. However, the failure of an attorney to pay his state bar dues is strong evidence that the attorney is no longer sufficiently interested in the practice of law to adequately defend his client's interests. Therefore, this matter is remanded for an evidentiary hearing to determine: 1) whether the defendant's allegations with respect to his attorney's suspension from practice are accurate, and 2) whether the defendant received inadequate assistance of counsel under the test set forth by the Michigan Supreme Court.

Remanded for further proceedings.

CYNAR, J., concurred in part and dissented in part. He agrees with the majority that the failure of defendant's attorney to pay bar dues does not make out a per se case of ineffective assistance of counsel. However, he would hold that under the test set forth by the Michigan Supreme Court the defendant was not denied effective assistance of counsel. He would affirm.

OPINION OF THE COURT

1. ATTORNEY AND CLIENT — BAR DUES — PRACTICE OF LAW — STATUTE — STATE BAR RULES.

Payment of state bar dues is a prerequisite to the practice of law

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Attorneys at Law §§ 7, 72.
[3] 16 Am Jur 2d, Constitutional Law § 131.
[4, 5] 7 Am Jur 2d, Attorneys at Law § 110.
   21 Am Jur 2d, Criminal Law § 309.

in Michigan; the state courts possess the authority to deny one who fails to pay his bar dues the right to practice law in Michigan (MCL 600.901 *et seq.;* MSA 27A.901 *et seq.,* State Bar of Michigan, Rules 4[a], 4[b]).

2. ATTORNEY AND CLIENT — BAR DUES — PRACTICE OF LAW.

It is not unreasonable to assume that one of the purposes of the requirement that an attorney pay state bar dues as a prerequisite to the practice of law in Michigan is to eliminate those who, though trained in the law, are not interested in practicing the profession.

3. CONSTITUTIONAL LAW — WAIVER.

It is clearly established that the waiver of a constitutionally derived right must be intentional and, therefore, must be knowingly made.

4. CONSTITUTIONAL LAW — CRIMINAL LAW — RIGHT TO COUNSEL — EFFECTIVE ASSISTANCE OF COUNSEL — SUSPENDED ATTORNEY — BAR DUES.

The constitutional guarantee of the right to effective assistance of counsel deserves the utmost protection; however, the fact that a criminal defendant's retained attorney was suspended from practice, at the time of defendant's trial, for failure to pay state bar dues does not automatically necessitate the reversal of the defendant's conviction.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY CYNAR, J.

5. CONSTITUTIONAL LAW — CRIMINAL LAW — RIGHT TO COUNSEL — EFFECTIVE ASSISTANCE OF COUNSEL — SUSPENDED ATTORNEY.

*A defendant's conviction should be affirmed in spite of his allegations on appeal that he was denied effective assistance of counsel where 1) the allegation is based on the alleged suspension of the defendant's trial attorney from practice of law, at the time the attorney represented the defendant, for failure to pay state bar dues, 2) the defendant is unable to point to any specific conduct constituting ineffective assistance of counsel, and 3) there was no violation of the standard used to determine whether a defendant has been deprived of his right to effective assistance of counsel.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal

Attorney, Appeals, and *Robert M. Morgan,* Assistant Prosecuting Attorney, for the people.

*Hemming & Barrese,* for defendant on appeal.

Before: D. E. Holbrook, Jr., P.J., and D. E. Holbrook and Cynar, JJ.

D. E. Holbrook, J. Defendant was found guilty of armed robbery, contrary to MCL 750.529; MSA 28.797, in a bench trial held in Detroit Recorder's Court. The complaint on which defendant was arraigned alleged that, armed with a knife, the defendant robbed a pizza deliverer of approximately $130 in cash and one pizza. The complainant testified at defendant's trial that he could smell alcohol on the defendant and that the defendant's speech was slightly slurred at the time of the robbery. Additional testimony was offered in the defendant's behalf tending to show inebriation and possible lack of the requisite specific intent. Evidence contradicting this alleged condition was offered by the prosecution, and the court, sitting as trier-of-fact, found that defendant did entertain the intent to permanently deprive the complainant of the subject items.

Defendant was sentenced to serve a 3-1/2 to 7 year prison term; he appeals of right, raising a single allegation of error. Defendant contends he was denied the effective assistance of counsel, a constitutional guarantee derived from US Const, Am VI and Am XIV and specifically recognized in *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799; 93 ALR2d 733 (1963), in that unknown to the defendant his retained counsel had been suspended from the practice of law in Michigan for failure to pay bar dues. While defendant relies primarily upon his attorney's loss of status

as evidence of a per se deprivation of his right to assistance of counsel, defendant also alleges rather generally that his attorney did not pursue the defendant's intoxication defense with sufficient effort.

Defendant alleges that his retained attorney was declared ineligible to practice law in the State of Michigan on January 22, 1977, due to his failure to remit state bar association dues. Counsel subsequently appeared on the defendant's behalf on two occasions during 1977. The defendant claims that counsel was not reinstated until December 15, 1977. The defendant's allegations are neither supported nor contradicted by the existing record.

The governing legislation, MCL 600.901, *et seq.;* MSA 27A.901, *et seq.,* and the appropriate Supreme Court promulgated rules concerning the State Bar of Michigan, rules 4(a) and 4(b), clearly provide that payment of state bar dues is a prerequisite to the practice of law in Michigan. There is little question that the courts of this state possess the authority to deny one who fails to pay his bar dues the right to practice law in Michigan. See *Ayres v Hadaway,* 303 Mich 589; 6 NW2d 905 (1942). Furthermore, we hold, as the fifth Federal circuit concluded in a similar case, that it is "not * * * unreasonable to assume that one of * * * [the dues-requirement] purposes was to eliminate those who, though trained in the law, were not interested in practicing the profession". *McKinzie v Ellis,* 287 F2d 549, 551 (CA 5, 1961), *cert den,* 361 US 869; 80 S Ct 130; 4 L Ed 2d 108 (1959). This being the case, the allegations raised by the defendant require a bifurcated analysis: first, does the defendant's retained attorney's suspension from practice for failure to pay dues ipso facto establish that the defendant was denied the effec-

tive assistance of counsel; and second, if not, does the record below suggest that, in fact, counsel's failure to pay dues evidenced that he no longer entertained sufficient interest in the practice of law to render the defendant adequate assistance of counsel.

In *McKinzie, supra,* the fifth circuit held that a defendant's guilty plea entered upon the advice of *court-appointed counsel* must be reversed where it was later learned that counsel similarly had been dropped from membership in the Texas State Bar for nonpayment of dues. The facts of the instant case differ only in that defendant unknowingly retained a suspended attorney. This fact alone does not render defendant's claim nugatory, since it is clearly established that the waiver of a constitutionally derived right must be intentional and therefore must be knowingly made. *Johnson v Zerbst,* 304 US 458; 58 S Ct 1019; 82 L Ed 1461 (1938), and *People v Michael Brown,* 72 Mich App 7; 248 NW2d 695 (1976).

The New York Supreme Court recently confronted a question similar to that faced by the fifth circuit in *McKinzie.* In *People v Felder,* 61 App Div 2d 309, 311; 402 NYS2d 411 (1978), a 3-2 decision, the New York court affirmed the convictions of three defendants who were represented by a "Layman masquerading as a lawyer". The majority, relying on *Harrington v California,* 395 US 250; 89 S Ct 1726; 23 L Ed 2d 284 (1969), and other cases, held that since the defendants were adequately represented, any error in the case was harmless beyond a reasonable doubt, not requiring reversal. The dissent, noting that the defendants *retained* attorney "never completed law school, never passed a Bar examination and had never been admitted to practice in this or any other

jurisdiction", *Felder, supra,* at 317, adopted the following language from *People v Cox,* 12 Ill 2d 265, 269; 146 NE2d 19 (1957):

" 'We must agree with the defendant that the term "counsel", as it is employed in the constitutional provisions relied upon means a duly licensed and qualified lawyer, and not an attorney in fact or a layman.' "

The dissent concluded at 318:

"I do not believe it is at all germane that this layman may have acted more or less capably than the most skilled lawyer. Surely, one need not expound upon the State's concern in licensing the profession of law. Whether he did so expertly or inexpertly is totally irrelevant. In licensing, the admitting court or State assures and certifies that the licensee has met minimal standards of education and character promulgated and adhered to by his peers over the centuries."

In *People v Perez,* 82 Cal App 3d 45; 147 Cal Rptr 34 (1978), a case involving the *appointment* of a supervised law student to represent the defendant in a felony prosecution, a unanimous panel of the California Court of Appeals concluded that the doctrine of harmless error had no application where inadequate assistance of counsel is alleged. The court, citing *Gideon, supra,* concluded, at 147 Cal Rptr 44, contrary to the decision reached by the majority in *Felder,* that "the denial of the right to counsel at any critical stage is *reversible per se".* (Emphasis supplied.)

While we recognize that the constitutional guarantee of the right to effective assistance of counsel deserves the utmost protection, we disagree with the contention that defendant's retained attorney's suspension for failure to pay dues automatically necessitates the reversal of defendant's conviction.

The instant case is not a matter of a "layman masquerading as a lawyer", *Felder, supra,* at 311; only a few months earlier defendant's attorney was fully qualified to represent him. No aspersions have been cast upon defendant's counsel's character.

There remains, however, the concern shown by the Court in *McKinzie* over the implications, in terms of quality of representation, arising out of counsel's having neglected to pay his annual dues. We hold, in accordance with the policy underlying the legislation and court rules above, that the failure of an attorney to remit his state bar dues is strong evidence that such attorney is no longer sufficiently interested in the practice of law to adequately defend his client's interests. For this reason, we remand the instant matter for an evidentiary hearing in order that the following may be established: first, whether defendant's allegations with respect to his attorney's suspension from practice are accurate; second, whether the defendant received inadequate assistance of counsel under the test set forth in *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), and *People v Foster,* 77 Mich App 604; 259 NW2d 153 (1977).

Remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

D. E. HOLBROOK, JR., P.J., concurred.

CYNAR, J. *(concurring in part, dissenting in part).* I agree with the majority's conclusion that the failure of defendant's attorney to pay his bar dues does not make out a per se case of ineffective assistance of counsel.

However, I see no need for a remand in this case. My review of the trial record indicates that counsel did a fine job of representing defendant at

trial. He objected to evidence, cross-examined witnesses and did a capable job of presenting an intoxication defense. Not surprisingly, on appeal, defendant is unable to point to any specific conduct constituting ineffective assistance of counsel.

Under these circumstances I believe a remand is unnecessary. No violation of the standard set forth in *People v Garcia*, 398 Mich 250; 247 NW2d 547 (1976), occurred here. Therefore, I would affirm.