JACKSON v DETROIT MEMORIAL HOSPITAL

Docket No. 54337. Submitted May 18, 1981, at Detroit.—Decided October 7, 1981. Leave to appeal granted, 412 Mich 885.

Diane Jackson underwent treatment in Detroit Memorial Hospital for a dental condition. Prior to treatment, she signed a standard medical arbitration agreement and did not thereafter revoke her consent to arbitrate. Following treatment, Jackson brought a negligence action in Wayne Circuit Court against the hospital and Dr. Bloom, D.D.S., jointly and severally. Defendants moved for accelerated judgment on the ground that the court was without jurisdiction over the subject matter of the action. The motion was granted, Irwin H. Burdick, J. Plaintiff appeals. *Held:*

1. The Michigan medical malpractice arbitration act is unconstitutional. The statutorily prescribed composition of the arbitration panel creates a situation in which the probability of actual bias on the part of the decisionmaker is too high to be constitutionally tolerable, thereby violating plaintiff's due process right to a hearing before a fair and impartial tribunal. Furthermore, there is no mechanism in the act for relief from uninformed execution of an arbitration agreement once the 60-day revocation period has lapsed.

2. An agreement to arbitrate is not a condition of admission or treatment and may be revoked within 60 days after execution. The arbitration agreement is not a contract of adhesion.

Reversed and remanded.

1. PHYSICIANS AND SURGEONS — MEDICAL MALPRACTICE ARBITRATION ACT — CONSTITUTIONAL LAW — DUE PROCESS — STATUTES.

The Michigan medical malpractice arbitration act unconstitutionally deprives a patient of his due process right to a hearing

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 374-376.

Validity and construction of state statutory provisions relating to limitations on amount of recovery in medical pretrial panel. 80 ALR3d 583.

[2] 17 Am Jur 2d, Contracts §§ 21, 240 *et seq.*

before a fair and impartial tribunal; the statutorily prescribed composition of the arbitration panel creates a situation in which the probability of actual bias on the part of the decision-maker is too high to be constitutionally tolerable and there is no mechanism in the act for relief from uninformed execution of an arbitration agreement once the 60-day revocation period lapses (US Const, Am XIV; Const 1963, art 1, § 17; MCL 600.5044[2]; MSA 27A.5044[2]).

2. CONTRACTS — CONTRACTS OF ADHESION.
   A contract of adhesion is a contract offered to consumers on standarized forms on a take it or leave it basis.

3. PHYSICIANS AND SURGEONS — MEDICAL MALPRACTICE ARBITRATION ACT — AGREEMENT TO ARBITRATE — STATUTES.
   An agreement to arbitrate, as provided by the medical malpractice arbitration act, is not a condition of admission or treatment and may be revoked within 60 days after execution; as such, the arbitration agreement is not a contract of adhesion (MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.*).

*Lopatin, Miller, Freedman, Bluestone, Erlich & Rosen* (by *Steven G. Silverman),* for plaintiff.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Donald A. Ducastel),* for defendants.

Before: T. M. BURNS, P.J., and BRONSON and R. H. PANNUCCI,* JJ.

R. H. PANNUCCI, J. On November 3, 1977, plaintiff underwent treatment by defendant Dr. Bloom, D.D.S., in defendant Detroit Memorial Hospital for a dental condition. It is undisputed that on that date plaintiff signed a standard medical arbitration agreement and did not thereafter revoke her consent to arbitrate.

Plaintiff subsequently instituted the present action, claiming that she was injured as a result of defendants' negligent treatment. The trial court on October 2, 1980, granted defendants' motion for

* Circuit judge, sitting on the Court of Appeals by assignment.

accelerated judgment on the ground that, pursuant to the medical malpractice arbitration act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.,* the court was without jurisdiction over the subject matter of the action due to plaintiff's execution of a valid agreement to arbitrate the dispute.

Plaintiff first contends that the medical malpractice arbitration act violates her due process right to a hearing before a fair and impartial tribunal by mandating that at least one member of the arbitration panel be a physician, preferably from the defendant's medical specialty, or, where a hospital is the sole defendant, a hospital administrator. US Const, Am XIV; Const 1963, art 1, § 17; MCL 600.5044(2); MSA 27A.5044(2).

We agree with Judge BRONSON's dissent in *Morris v Metriyakool,* 107 Mich App 110; 309 NW2d 910 (1981), that:

"[A]s the state-fostered arbitration system is currently structured it is inherently unlikely that any individual who agrees to arbitrate will understand the due process implications of this decision. The portion of the statute relating to the composition of the arbitration panels violates due process of law by forcing the litigant to submit his or her claim to a tribunal which is composed in such a way that a high probability exists that said tribunal will be biased against the claimant without mandating the use of an arbitration form explicitly detailing the nature of the panel's makeup." (Footnote omitted.) *Id.,* 134.

The statutorily prescribed composition of the arbitration panel creates a situation in which "the probability of actual bias on the part of the * * * decisionmaker is too high to be constitutionally tolerable". *Crampton v Dep't of State,* 395 Mich 347, 356; 235 NW2d 352 (1975).

We conclude that the statute is unconstitutional and accordingly reverse and remand this case for trial.

An important factor in our determination of unconstitutionality is that, once the 60-day revocation period provided for by MCL 600.5041(3); MSA 27A.5041(3) and MCL 600.5042(3); MSA 27A.5042(3) has lapsed, the medical malpractice arbitration act provides no mechanism for relief from uninformed execution of an arbitration agreement, as by *de novo* review of an award to the circuit courts of this state. See MCL 600.5057; MSA 27A.5057.

Plaintiff also contends that the medical malpractice arbitration act is unconscionable and that the arbitration agreement represents a contract of adhesion. In *Morris,* Judge BRONSON states:

> "I think offering the patient the opportunity to execute the arbitration agreement prior to admission or while in the hospital during treatment represents bad policy. However, policy-making is a legislative prerogative." *Morris, supra,* 137.

We concur with this analysis. However, outside of the fact that plaintiff was in the hospital, we cannot find that plaintiff's execution of the arbitration agreement was unknowingly or coercively made. Given a different factual setting, a patient's execution of an arbitration agreement could be unknowing or involuntary.

A contract of adhesion is a contract offered to consumers on standardized forms on a take it or leave it basis. *Wheeler v St Joseph Hospital,* 63 Cal App 3d 345; 133 Cal Rptr 775; 84 ALR3d 343 (1976). In *Allen v Michigan Bell Telephone Co,* 18 Mich App 632, 637; 171 NW2d 689 (1969), the Court found two pertinent inquiries in deciding

whether a contract provision is unreasonable or unconscionable:

"(1) What is the relative bargaining power of the parties, their relative economic strength, the alternative sources of supply, in a word, what are their options?; (2) Is the challenged term substantively reasonable?"

Although there is disparity in bargaining power under the medical malpractice arbitration act, an agreement to arbitrate is not a condition of admission or treatment and may be revoked within 60 days after execution by notification in writing. As such, the arbitration agreement is not a contract of adhesion.

Reversed and remanded.