MALEK v JAYAKAR

Docket Nos. 44356, 45563. Submitted March 3, 1981, at Detroit.—
Decided May 5, 1982. Leave to appeal applied for.

Thomas M. Malek, individually and as next friend of Thomas L.
Malek, a minor, and Marcia A. Malek brought actions alleging
medical malpractice against Gandam S. Jayakar, M.D., North
Detroit General Hospital, Raymond D. Suwinski, M.D., and
Conant Clinic, P.C. Defendants moved for dismissal contending
an arbitration agreement executed by the plaintiffs precluded
filing suit in circuit court. Plaintiffs resisted the dismissal,
contending the medical malpractice arbitration act is unconsti-
tutional. The Wayne Circuit Court, Horace W. Gilmore, J.,
granted separate motions by Doctor Jayakar and North Detroit
General Hospital for accelerated judgments. Plaintiffs appeal
from the judgments entered. The cases were consolidated on
appeal. *Held:*

1. The plaintiffs' execution of the arbitration agreement is
not binding since the arbitration agreement does not detail how
the arbitration panel is to be composed.

2. The medical malpractice arbitration act is unconstitutional
on due process grounds. It is not consistent with the rights to a
jury trial and an unbiased tribunal since it seeks to authorize a
waiver of a patient's constitutional right to due process without
requiring the arbitration agreement to detail how the tribunal
is to be composed.

Reversed and remanded.

D. F. WALSH, J., dissented. He would hold the medical mal-
practice arbitration act to be constitutional. He would leave to
the factfinder the determination, on a case-by-case basis,
whether the circumstances under which an arbitration agree-
ment was executed were so coercive as to destroy the validity of
the contract. He would affirm.

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 5 Am Jur 2d, Arbitration and Award §§ 8, 9.
 61 Am Jur 2d, Physicians and Surgeons § 376.
 Arbitration of medical malpractice claims. 84 ALR3d 375.

OPINION OF THE COURT

1. PHYSICIANS AND SURGEONS — MEDICAL MALPRACTICE ARBITRATION ACT — CONSTITUTIONAL LAW — DUE PROCESS — STATUTES.

   The Michigan medical malpractice arbitration act unconstitutionally deprives a patient of his due process right to a hearing before a fair and impartial tribunal; the problem with the act is that it seeks to authorize a waiver of a patient's constitutional right to due process without requiring the arbitration agreement to detail the arbitration tribunal's composition (MCL 600.5040 et seq.; MSA 27A.5040 et seq.).

DISSENT BY D. F. WALSH, J.

2. PHYSICIANS AND SURGEONS — MEDICAL MALPRACTICE ARBITRATION ACT — CONSTITUTIONAL LAW — DUE PROCESS — STATUTES.

   *The Michigan medical malpractice arbitration act does not unconstitutionally deny to a malpractice plaintiff the right to due process of law since the election to submit to arbitration is voluntary and may be revoked by the patient within 60 days after execution of the agreement (MCL 600.5040 et seq.; MSA 27A.5040 et seq.).*

3. PHYSICIANS AND SURGEONS — MEDICAL MALPRACTICE ARBITRATION ACT — VALIDITY OF RELEASE — STATUTES.

   *A factfinder should determine, on a case-by-case basis, whether the circumstances under which an arbitration agreement, under the Michigan medical malpractice arbitration act, was executed were so coercive as to destroy the validity of the contract (MCL 600.5040 et seq.; MSA 27A.5040 et seq.).*

*Lopatin, Miller, Bindes, Freedman, Bluestone, Erlich & Rosen* (by *Michael Gagleard* and *Steven G. Silverman*), for plaintiffs.

*Franklin, Petrulis, Lichty & Mellon, P.C.,* for defendant North Detroit General Hospital.

Before: D. E. HOLBROOK, JR., P.J., and BRONSON and D. F. WALSH, JJ.

PER CURIAM. The parents of Thomas L. Malek, a minor, executed an arbitration agreement on his behalf at the time of his admission to defendant hospital. Defendant Doctor Jayakar had an agree-

ment with the hospital to arbitrate all claims brought against the hospital or himself by reason of his medical care.

Thomas L. Malek allegedly suffered from diabetes mellitus, which was not diagnosed by defendants. Thomas's condition deteriorated until he lapsed into a diabetic coma, resulting in severe permanent neurological and physical damage. On January 20, 1978, plaintiffs filed a complaint alleging medical malpractice against defendants. Defendants moved for dismissal of the case, contending that the execution of the arbitration agreement precluded filing suit in circuit court. Plaintiffs resisted the dismissal arguing that the medical malpractice arbitration act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.,* was constitutionally defective. On March 23, 1979, the trial court granted defendant hospital's motion for accelerated judgment, and on May 23, 1979, the trial court granted defendant Doctor Jayakar's motion for accelerated judgment.

There is currently a split of authority in this Court concerning whether the medical malpractice arbitration act is constitutionally defective on due process grounds. The act requires that one of the three arbitrators shall be a physician or, in a limited number of cases, a hospital administrator. MCL 600.5044; MSA 27A.5044. The act also mandates the composition of the arbitration agreement form and states that if the agreement includes various provisions it will be "presumed valid". MCL 600.5041; MSA 27A.5041. Conspicuous in its absence is any statutory requirement that the arbitration agreement detail how the arbitration panel is to be composed. We find that this fact renders a patient's execution of an arbitration agreement nonbinding. The various legal systems of this nation universally hold that a jury trial is

among the most fundamental rights of a litigant. We do not believe that, consistent with this right and the right to have one's case heard before a tribunal that does not have even the slightest suggestion of bias, the act can be deemed constitutional. The problem with the act is that it seeks to authorize a waiver of a patient's constitutional right to due process, specifically, a tribunal free from even the hint of bias, without requiring the arbitration agreement to detail how the tribunal is to be composed. Whether by calculation or inadvertence, the Legislature has enacted a statute which has the possibility of doing substantial mischief by getting those patients to execute arbitration agreements who would not otherwise have done so had they known how the arbitration panel would be composed. Consequently, we agree with the reasoning of those of our colleagues who have held the act unconstitutional on due process grounds. See the majority opinions in *Jackson v Detroit Memorial Hospital,* 110 Mich App 202; 312 NW2d 212 (1981), and *Piskorski v Art Centre Hospital,* 110 Mich App 22; 312 NW2d 160 (1981). See, also, *Morris v Metriyakool,* 107 Mich App 110; 309 NW2d 910 (1981) (BRONSON, P.J., *dissenting), Williams v O'Connor,* 108 Mich App 613; 310 NW2d 825 (1981) (T. M. BURNS, J., *dissenting),* and *Rome v Sinai Hospital of Detroit,* 112 Mich App 387; 316 NW2d 428 (1982) (D. E. HOLBROOK, JR., J., *dissenting).*

Reversed and remanded for trial. No costs, since at the time this action was brought no appellate court decisions concerning the substantial constitutional issue raised had been released.

D. F. WALSH, J. *(dissenting).* I must respectfully dissent. Since the election to submit to arbitration

is voluntary and may be revoked by the patient within 60 days after execution of the agreement, MCL 600.5041; MSA 27A.5041, I am not persuaded that the legislation which authorizes the arbitration and provides for the composition of the arbitration panel can be ruled to be unconstitutional. Whether the circumstances under which the arbitration agreement is executed are so coercive as to destroy the validity of the contract is a fact question which should be determined on a case-by-case basis.

I would affirm the trial court's grant of accelerated judgment.