EDWARDS v ST MARY'S HOSPITAL

Docket No. 50150. Submitted November 3, 1981, at Grand Rapids.—
Decided October 5, 1982. Leave to appeal applied for.

Plaintiff, Willie C. Edwards, administrator of the estate of Chris-
tine Edwards, deceased, brought an action in the Kent Circuit
Court against defendants St. Mary's Hospital, Lynn S. Hede-
man, M.D., Edward C. Thompson, M.D., and others, alleging
negligence in the treatment of the deceased. Defendants moved
for an order to proceed with arbitration pursuant to an arbitra-
tion agreement signed by the decedent. The trial court, George
V. Boucher, J., granted the defendant's motion. Plaintiff ap-
peals, by leave granted, from the trial court's order granting
defendant's motion. *Held:*

The Michigan medical malpractice arbitration act is uncon-
stitutional. As the arbitration system is structured it is inher-
ently unlikely that any individual who agrees to arbitrate will
understand the due process implications of his decision. The
portion of the statute relating to the composition of the arbitra-
tion panels violates due process of law by forcing the litigant to
submit his or her claim to a tribunal which is composed in such
a way that a high probability exists that said tribunal will be
biased against the claimant without mandating the use of an
arbitration form explicitly detailing the nature of the panel's
makeup.

Reversed and remanded.

BASHARA, J., dissented and would hold the Michigan medical
malpractice arbitration act to be constitutional. He would hold
that the act does not deny due process, does not require an
unknowing relinquishment of the right to a trial, and that the
arbitration agreement is not a contract of adhesion and beyond
the reasonable expectation of the parties. He would affirm.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Arbitration and Award § 8,
Constitutionality of arbitration statutes. 55 ALR2d 432.
[3] 5 Am Jur 2d, Arbitration and Award § 6.

Opinion of the Court

1. Arbitration — Medical Malpractice Arbitration Act — Due Process.

The Michigan medical malpractice arbitration act is unconstitutional for failure to provide for a facially fair tribunal; the portion of the statute relating to the composition of the arbitration panels violates due process of law by forcing the litigant to submit his or her claim to a tribunal which is composed in such a way that a high probability exists that said tribunal will be biased against the claimant without mandating the use of an arbitration form explicitly detailing the nature of the panel's makeup.

Dissent by Bashara, J.

2. Arbitration — Medical Malpractice Arbitration Act — Due Process — Right to Trial — Adhesion Contracts.

*The Michigan medical malpractice arbitration act is constitutional; the act does not deny due process or require an unknowing relinquishment of the right to a trial; the arbitration agreement is not a contract of adhesion beyond the reasonable expectations of the parties.*

3. Arbitration — Medical Malpractice Arbitration Act — Arbitration Agreements — Exclusive Remedies.

*Binding arbitration is the only remedy available for settlement of malpractice disputes between a patient and a health care provider where an arbitration agreement has been properly executed and not revoked by the patient within 60 days of execution (MCL 600.5041; MSA 27A.5041).*

*Charfoos, Christensen, Gilbert & Archer, P.C.* (by *John G. Konkel),* for plaintiff.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *M. Sean Fosmire* and *Ronald E. Wagner),* for St. Mary's Hospital.

*Baxter & Hammond* (by *Robert N. Hammond* and *Elizabeth F. Rupprecht),* for Lynn S. Hedeman, M.D.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block),* for Edward C. Thompson, M.D., and others.

Before: R. B. BURNS, P.J., and BASHARA and
M. R. KNOBLOCK,* JJ.

M. R. KNOBLOCK, J. This is an appeal, by leave
granted, from an order of the trial court removing
this action to arbitration. The following facts are
taken from plaintiff's complaint and from the
lower court records.

On February 27, 1978, plaintiff's decedent, Chris-
tine Edwards, was admitted as an inpatient in the
defendant St. Mary's Hospital for the purpose of
undergoing surgery to remove a pituitary tumor.
Prior to surgery Mrs. Edwards executed an arbi-
tration agreement with the hospital. On February
28, 1978, the surgical procedure was performed by
defendant Dr. Hedeman, with defendant Dr.
Thompson serving as anesthesiologist. Plaintiff
claims that, though Mrs. Edwards' chart indicated
she was allergic to penicillin, the chart was not
consulted and she was intravenously administered
a dose of ampicillin. As a result, shortly thereaf-
ter, she suffered a cardiovascular collapse and fell
into a coma.

In April, 1978, while Mrs. Edwards remained in
a comatose condition, her husband, the plaintiff in
this action, mailed a letter signed by him to defen-
dant hospital purportedly revoking the arbitration
agreement. Mrs. Edwards remained as a patient in
St. Mary's Hospital until May 3, 1978. She died on
August 4, 1978, without regaining consciousness.

On October 24, 1978, plaintiff Willie C. Edwards
was appointed administrator of the estate of his
deceased wife by probate court order, and on April
23, 1979, commenced this suit alleging professional
negligence. Defendants moved for an order to pro-
ceed to arbitration asserting the attempt to revoke

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the arbitration agreement was ineffective since plaintiff was not his wife's "legal representative" as that term is used in the medical malpractice arbitration act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.,* and, therefore, the revocation was ineffective. Plaintiff appeals from the trial court's order granting defendant's motion.

Plaintiff raises several issues on appeal but does not challenge the constitutionality of the medical malpractice arbitration act. Though this issue was not raised, since we find it dispositive of this appeal, we think it proper to consider it. See *Dearborn v Bacila,* 353 Mich 99; 90 NW2d 863 (1958); *Vermeylen v Knight Investment Corp,* 73 Mich App 632; 252 NW2d 574 (1977); *People v Noel,* 88 Mich App 752; 279 NW2d 305 (1979).

There is a difference of opinion reflected in the decisions of the Court of Appeals as to the constitutionality of the medical malpractice arbitration act with one unanimous panel upholding its constitutionality, *Brown v Siang,* 107 Mich App 91; 309 NW2d 575 (1981), and one unanimous panel finding it unconstitutional, *Jackson v Detroit Memorial Hospital,* 110 Mich App 202; 312 NW2d 212 (1981), *lv gtd* 412 Mich 885 (1981). Divided panels have held in accord with *Brown, supra,* in four cases; *Morris v Metriyakool,* 107 Mich App 110; 309 NW2d 910 (1981), *lv gtd* 412 Mich 884 (1981), *Williams v O'Connor,* 108 Mich App 613; 310 NW2d 825 (1981), *Cushman v Frankel,* 111 Mich App 604; 314 NW2d 705 (1981), and *Rome v Sinai Hospital of Detroit,* 112 Mich App 387; 316 NW2d 428 (1982); and one in accord with *Jackson, supra; Piskorski v Art Centre Hospital,* 110 Mich App 22; 312 NW2d 160 (1981). The issue is currently pending before the Supreme Court, leave having been granted in *Morris, supra,* and *Jackson, supra.* We

are of the opinion that the reasoning set forth in *Jackson,* relying on the dissenting opinion in *Morris,* represents the better position, and we adopt that view.

Reversed and remanded for trial.

R. B. BURNS, P.J., concurred.

BASHARA, J. *(dissenting).* I respectfully dissent from the majority's opinion for the reasons set forth in my opinion in *Brown v Siang,* 107 Mich App 91; 309 NW2d 575 (1981).

I would affirm.