·SABATINI v MARCUZ

Docket No. 60672. Submitted May 20, 1982, at Detroit.—Decided January 19, 1983. Leave to appeal applied for.

Maria Sabatini executed a medical malpractice arbitration agreement prior to receiving medical treatment at St. Joseph Hospital of Mt. Clemens. Subsequently, Maria Sabatini and her husband, Joseph Sabatini, filed an action in Macomb Circuit Court against Edo V. Marcuz, M.D., Juan C. DiMusto, M.D., Morton J. Kripke, M.D., Marcuz and DiMusto, D.M.S., P.C., Mrs. Sallianne Gruca, administratrix of the estate of John R. Gruca, deceased, and St. Joseph Hospital of Mt. Clemans. The court, Frank G. Jeannette, J., granted accelerated judgment for the defendants based on the arbitration agreement. The plaintiffs appeal alleging that the trial court erred because: (1) the arbitration agreement constitutes an unenforceable contract of adhesion, (2) the agreement is unconscionable because the patient is not provided with sufficient information from which to decide whether to relinquish her right of access to a court of law, and (3) the makeup of the arbitration panel violates plaintiffs' due process rights to a fair and impartial tribunal. *Held:*

1. The arbitration agreement does not constitute an unenforceable contract of adhesion.

2. There is insufficient information before the Court of Appeals concerning the issue of whether patients who sign medical malpractice arbitration agreements are aware of the rights that they relinquish by signing the agreements for the Court of Appeals to determine whether such agreements are unconscionable.

3. The medical malpractice arbitration act denies a claimant

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 376.
Arbitration of medical malpractice claims. 84 ALR3d 375.

[2, 3] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 374.
Validity and construction of state statutory provisions relating to limitations on amount of recovery in medical malpractice claim and submission of such claim to pretrial panel. 80 ALR3d 583.

due process because a hearing before an unbiased and impartial decision-maker is basic to the concept of due process of law. Due process rights are violated where a medical malpractice arbitration panel must have either a doctor or hospital administrator among its members.

Reversed and remanded for trial.

M. F. CAVANAGH, P.J., dissented. He would uphold the constitutionality of the medical malpractice arbitration act until a final resolution of the question by the Michigan Supreme Court. He would affirm.

#### OPINION OF THE COURT

1. ARBITRATION — MEDICAL MALPRACTICE.

> The arbitration agreement provided by the Michigan medical malpractice arbitration act is not a contract of adhesion (MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.).*

2. PHYSICIANS AND SURGEONS — MEDICAL MALPRACTICE ARBITRATION ACT.

> The medical malpractice arbitration act unconstitutionally deprives a patient of his due process right to a hearing before a fair and impartial tribunal; the statutorily prescribed composition of the arbitration panel creates a situation in which the probability of actual bias on the part of the decision-maker is too high to be constitutionally tolerable and there is no mechanism in the act for relief from uninformed execution of an arbitration agreement once the 60-day revocation period lapses (US Const, Am XIV; Const 1963, art 1, § 17; MCL 600.5044[2]; MSA 27A.5044[2]).

#### DISSENT BY M. F. CAVANAGH, P.J.

3. ARBITRATION — MEDICAL MALPRACTICE ARBITRATION ACT.

> *The medical malpractice arbitration act is not an unconstitutional denial of a plaintiff's right to due process of law merely because the act requires that a doctor or hospital administrator sit on the arbitration panel (MCL 600.5044; MSA 27A.5044).*

*Levine & Benjamin, P.C.* (by *Barbara A. Pinkerton),* for plaintiffs.

*MacArthur & Cheatham* (by *Brian J. Doren),* for defendants Marcuz and DiMusto.

*Schureman, Frakes, Glass & Wulfmeier* (by *Edward C. Reynolds, Jr.),* for defendant Kripke.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Donald A. Ducastel),* for defendant St. Joseph Hospital of Mt. Clemens.

Before: M. F. CAVANAGH, P.J., and N. J. KAUFMAN and R. A. BENSON,* JJ.

R. A. BENSON, J. Plaintiffs appeal as of right from the trial court's order in a medical malpractice case granting defendants' motion for accelerated judgment based on the medical malpractice arbitration act. MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.*

Plaintiffs claim that the arbitration agreement is invalid because: (1) the arbitration agreement constitutes an unenforceable contract of adhesion; (2) the agreement is unconscionable since the patient is not provided with sufficient information from which to decide whether to relinquish his right of access to a court of law; and (3) the makeup of the arbitration panel violates plaintiffs' due process right to a fair and impartial tribunal.

Plaintiffs' contention that the arbitration agreement constitutes an unenforceable contract of adhesion has been uniformly rejected by this Court. *Brown v Siang,* 107 Mich App 91; 309 NW2d 575 (1981); *Morris v Metriyakool,* 107 Mich App 110; 309 NW2d 910 (1981), *lv gtd* 412 Mich 884 (1981).

Furthermore, we are not persuaded that either the approach taken by a panel of this Court in *Moore v Fragatos,* 116 Mich App 179; 321 NW2d 781 (1982), or by Judge CYNAR in *Gale v Providence Hospital,* 118 Mich App 405; 325 NW2d 439

* Circuit judge, sitting on the Court of Appeals by assignment.

(1982), is correct. In our opinion, there is insufficient information before the Court concerning the issue of whether patients who sign such agreements are aware of the rights that they relinquish thereby.

The issue of whether the fact that the act requires that one of the three arbitration panel members be a physician or hospital administrator violates due process has produced a split of opinion among members of this Court. Compare *Brown v Siang, supra; Morris v Metriyakool, supra; Williams v O'Connor,* 108 Mich App 613; 310 NW2d 825 (1981); *Cushman v Frankel,* 111 Mich App 604; 314 NW2d 705 (1981); *Rome v Sinai Hospital of Detroit,* 112 Mich App 387; 316 NW2d 428 (1982), with *Jackson v Detroit Memorial Hospital,* 110 Mich App 202; 312 NW2d 212 (1981), *lv gtd* 412 Mich 885 (1981); *Piskorski v Art Centre Hospital,* 110 Mich App 22; 312 NW2d 160 (1981); *Murray v Wilner,* 118 Mich App 352; 325 NW2d 422 (1982).

In our opinion, the reasoning announced in *Jackson, supra,* and *Murray, supra,* is the better view, and we adopt that position.

Reversed and remanded for trial.

N. J. KAUFMAN, J., concurred.

M. F. CAVANAGH, P.J. *(dissenting).* I have participated in decisions upholding the constitutionality of the medical malpractice arbitration act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.* See *Williams v O'Connor,* 108 Mich App 613; 310 NW2d 825 (1981), and *Cushman v Frankel,* 111 Mich App 604; 314 NW2d 705 (1982). For this reason, I dissent from the majority's holding in this case. All sides of this question have been exhaustively discussed by numerous opinions of this Court. The matter has been argued and submitted to our

Supreme Court whence the resolution of this dispute should be forthcoming. I am in the process of re-evaluating my position on this question based upon the very cogent opinion of Judge Nathan Kaufman, my colleague in *Cushman, supra,* in the case of *Murray v Wilner,* 118 Mich App 352; 325 NW2d 422 (1982). However, as this issue is squarely framed for disposition by the Supreme Court, it would serve no purpose to delay our disposition of this case simply to allow me more time to reflect further on this question.