BOWMAN v LUTZ

Docket No. 57547. Submitted May 17, 1982, at Detroit.—Decided March 8, 1983. Leave to appeal applied for.

Victor L. Bowman brought a medical malpractice action in Wayne Circuit Court against Dr. Sherwin J. Lutz and New Grace Hospital, alleging that as a result of the failure of Dr. Lutz to properly diagnose his condition when he came to the emergency room of New Grace Hospital he ultimately had to have his right testicle removed. Defendants moved for accelerated judgment on the basis that plaintiff had signed an arbitration agreement and his remedy lay in arbitration pursuant to that agreement. A hearing was held on the question of whether the signing of the agreement was the result of fraud, coercion or misrepresentation. Irwin H. Burdick, J., determined that the arbitration agreement was not secured by fraud, coercion or misrepresentation and granted defendants' motion for accelerated judgment. Plaintiff appeals, arguing that the medical malpractice arbitration act is unconstitutional in that the requirement that one member of the arbitration panel be a doctor or a hospital administrator denies plaintiff's due process right to a hearing before a fair and impartial tribunal, that the arbitration agreement is unconscionable, and that the arbitration agreement amounts to an adhesion contract. *Held:*

1. The medical malpractice arbitration act is unconstitutional in that it denies plaintiff his due process right to a hearing before a fair and impartial tribunal.

2. The arbitration agreement is neither unconscionable nor a contract of adhesion.

N. J. KAUFMAN, J., concurred in a separate opinion.

Reversed.

M. F. CAVANAGH, P.J., dissented. He does not agree with the holding of the majority that the medical malpractice arbitration act is unconstitutional.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award § 8.

Constitutionality of arbitration statutes. 55 ALR2d 432.

[2] 17 Am Jur 2d, Contracts §§ 1, 5, 12, 13.

1. ARBITRATION — MEDICAL MALPRACTICE — DUE PROCESS.

The medical malpractice arbitration act unconstitutionally deprives a patient of his due process right to a fair and impartial tribunal (MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.).*

2. ARBITRATION — MEDICAL MALPRACTICE — ADHESION CONTRACTS.

An agreement to arbitrate as provided for by the medical malpractice arbitration act is not a contract of adhesion or unconscionable (MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.).*

*Barr & Walker* (by *Charles J. Barr),* for plaintiff.

*Kerr, Russell & Weber* (by *Christine E. Moore),* for Sherwin J. Lutz.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Mark Shreve),* for New Grace Hospital.

Before: M. F. CAVANAGH, P.J., and N. J. KAUFMAN and R. A. BENSON,* JJ.

R. A. BENSON, J. In this medical malpractice case the trial court granted the defendants' motions for accelerated judgment on the basis of lack of jurisdiction due to an arbitration agreement signed by the plaintiff. Plaintiff appeals by right.

Plaintiff first argues that the medical malpractice arbitration act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.,* violates the plaintiff's due process rights to a fair and impartial tribunal because the statute requires that one of the three arbitrators be a physician or hospital administrator. There is currently a split of opinion on this Court as to whether the act is constitutional. Compare *Murray v Wilner,* 118 Mich App 352; 325 NW2d 422 (1982), and *Jackson v Detroit Memorial Hospital,* 110 Mich App 202; 312 NW2d 212 (1981), *lv gtd* 412

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Mich 885 (1981), with *Cushman v Frankel,* 111
Mich App 604; 314 NW2d 705 (1981); *Williams v
O'Connor,* 108 Mich App 613; 310 NW2d 825
(1981), and *Morris v Metriyakool,* 107 Mich App
110; 309 NW2d 910 (1981), *lv gtd* 412 Mich 884
(1981). We hope this split will soon be resolved by
the Supreme Court in its consideration of *Morris*
and *Jackson.* We are of the opinion that the
reasoning set forth in *Jackson, supra,* and *Murray,
supra,* is the better view and thus conclude that
the act unconstitutionally deprives the plaintiff of
his due process right to a fair and impartial tribu-
nal.

Plaintiff's remaining issues on appeal are with-
out merit. The terms of the agreement do not
unconscionably exceed the reasonable expectations
of an ordinary person. See *Morris, supra,* p 115.
Furthermore, the arbitration agreement is not a
contract of adhesion. *Brown v Siang,* 107 Mich
App 91; 309 NW2d 575 (1981); *Morris, supra,* p
115.

Reversed.

N. J. KAUFMAN, J. *(concurring).* I concur sepa-
rately based on the opinion in *Murray v Wilner,*
118 Mich App 352; 325 NW2d 422 (1982).

M. F. CAVANAGH, P.J. *(dissenting).* I respectfully
dissent from the majority's holding that the medi-
cal malpractice arbitration act, MCL 600.5040 *et
seq.;* MSA 27A.5040 *et seq.,* is unconstitutional. I
participated in decisions upholding the constitu-
tionality of the act in *Williams v O'Connor,* 108
Mich App 613; 310 NW2d 825 (1981), and *Cush-
man v Frankel,* 111 Mich App 604; 314 NW2d 705
(1982). Although I am in the process of re-evaluat-
ing my position on this question based upon the
very cogent opinion of Judge NATHAN KAUFMAN,

my colleague in *Cushman, supra,* in the case of *Murray v Wilner,* 118 Mich App 352; 325 NW2d 422 (1982), I conclude that it would serve no purpose to delay our disposition of this case simply to allow me more time to reflect further on this question. This issue has been exhaustively discussed in numerous opinions from this Court and is presently before the Supreme Court, from whence its resolution should be forthcoming.