CHRISTMAN v SISTERS OF MERCY HEALTH CORPORATION

Docket No. 57310. Submitted April 12, 1982, at Detroit.—Decided
    August 24, 1982. Leave to appeal applied for.

Dale F. and Cecile M. Christman brought a medical malpractice
    action against Sisters of Mercy Health Corporation, doing
    business as St. Joseph Mercy Hospital, in Oakland Circuit
    Court. At the time he entered the hospital for surgery, Mr.
    Christman signed a medical malpractice arbitration agreement.
    The court, Gene Schnelz, J., granted summary judgment in
    favor of defendants, holding that the arbitration agreement was
    constitutional and that plaintiffs would have to submit their
    claims to arbitration. Plaintiffs appeal. *Held:*

1. Plaintiffs' due process rights were not violated by their
    being held bound by a medical malpractice arbitration agree-
    ment which ostensibly waived their right to a jury trial, even
    though the waiver of that right may have been unknowingly,
    unintelligently, and involuntarily made, because Mr. Christ-
    man had a 60-day period within which to retract the waiver.

2. The medical malpractice arbitration act is unconstitutional
    in that it denies plaintiffs due process because one member of
    the arbitration panel must be a physician or hospital adminis-
    trator. For this reason, the case is reversed and remanded for
    trial.

3. The issue of whether the trial court erred in finding that
    Cecile Christman must submit her claim for loss of consortium
    to arbitration even though she was not a signatory to the
    arbitration agreement need not be reached since the case is
    being remanded for trial.

Reversed and remanded.

BEASLEY, J., dissented. He believes the medical malpractice
    arbitration act is constitutional and that loss of consortium is a

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 376.
    Arbitration of medical malpractice claims. 84 ALR3d 375.
[2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 374.
[4] 41 Am Jur 2d, Husband and Wife § 447 *et seq.*

derivative action which should be submitted to arbitration along with the principal case. He would affirm.

OPINION OF THE COURT

1. ARBITRATION — MEDICAL MALPRACTICE — DUE PROCESS.

A plaintiff's due process rights were not violated by his being held bound by a medical malpractice arbitration agreement which he signed even though by signing the agreement he may have unknowingly, unintelligently, or involuntarily waived his right to a jury trial because if plaintiff were coerced into signing he has a 60-day period in which to retract the waiver.

2. ARBITRATION — MEDICAL MALPRACTICE — DUE PROCESS.

The medical malpractice arbitration act is unconstitutional because it denies a plaintiff due process by requiring one member of the arbitration panel to be a physician or hospital administrator (MCL 600.5044[2]; MSA 27A.5044[2]).

DISSENT BY BEASLEY, J.

3. ARBITRATION — MEDICAL MALPRACTICE.

*The medical malpractice arbitration act is constitutional (MCL 600.5040 et seq.; MSA 27A.5040 et seq.).*

4. TORTS — LOSS OF CONSORTIUM.

*Loss of consortium is a derivative action; therefore, a claim for loss of consortium should be submitted to arbitration along with the principal case whenever the principal case is submitted to arbitration.*

*Charfoos, Christensen, Gilbert & Archer, P.C.* (by *Adrienne G. Southgate* and *John N. Marwick*), for plaintiffs.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Ronald E. Wagner*), for defendant.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and BEASLEY, JJ.

V. J. BRENNAN, J. In this medical malpractice action, plaintiffs appeal as of right from the trial court's order granting accelerated judgment in favor of defendant.

Plaintiff, Dale Christman signed an arbitration agreement when he was admitted to defendant hospital for surgery. The defendant hospital brought a motion for accelerated judgment on the basis of the arbitration agreement after plaintiffs instituted this action in circuit court. The trial court determined that the medical malpractice arbitration act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.* (MMAA), was constitutional and plaintiff, Dale Christman was required to submit his claim of malpractice to arbitration. The trial court also determined that plaintiff Cecile Christman, must submit her claim for loss of consortium to arbitration.

On appeal, plaintiffs claim that the MMAA is unconstitutional in two respects: (1) plaintiffs' due process rights are violated because there is no knowing, intelligent, or voluntary waiver of the right to a jury trial; and (2) plaintiffs' due process rights are violated because one member of the arbitration panel must be a physician or hospital administrator.

Plaintiffs' challenges to the constitutionality of the MMAA have been addressed in several recent decisions by this Court. A difference of opinion currently exists among the judges of this Court with regard to whether the MMAA is unconstitutional. *Brown v Siang,* 107 Mich App 91; 309 NW2d 575 (1981); *Morris v Metriyakool,* 107 Mich App 110; 309 NW2d 910 (1981); *Brown v Considine,* 108 Mich App 504; 310 NW2d 825 (1981); *Williams v O'Connor,* 108 Mich App 613; 310 NW2d 825 (1981); *Piskorski v Art Centre Hospital,* 110 Mich App 22; 312 NW2d 160 (1981); *Jackson v Detroit Memorial Hospital,* 110 Mich App 202; 312 NW2d 212 (1981); *Cushman v Frankel,* 111 Mich App 604; 314 NW2d 705 (1981); *Murray v Wilner,*

118 Mich App 352; — NW2d — (1982). The dispute will, hopefully, be resolved soon. On December 21, 1982, the Supreme Court granted leave to appeal in *Morris, supra,* 412 Mich 884 (1981), and in *Jackson, supra,* 412 Mich 885 (1981).

As to plaintiffs' first claim, that plaintiffs are denied due process because there is no knowing, intelligent, or voluntary waiver of the right to a jury trial, we agree with those cases finding that there is no due process violation. *Brown, supra; Morris, supra,* and other cases previously cited. Plaintiffs, if coerced into signing, have a 60-day period to retract that wavier.

As to plaintiffs' second claim, that the MMAA denies plaintiffs due process because one member of the panel must be a physician or hospital administrator, we agree with Judge KAUFMAN's opinion in *Murray, supra,* finding the MMAA unconstitutional on this basis. We would also add to that opinion that panels could have a medical expert assigned to them as a consultant to help them understand complex medical cases rather than requiring a physician or hospital administrator to be a member of the panel. We, therefore, reverse the trial court's order of accelerated judgment and remand the matter for trial.

Plaintiffs' third issue is whether the trial court erred in finding that plaintiff Cecile Christman must submit her claim for loss of consortium to arbitration when she was not a signatory to the arbitration agreement. Since we have found that the MMAA is unconstitutional and remand this case for trial, we need not reach the merits of this issue.

Reversed and remanded.

N. J. KAUFMAN, P.J., concurred.

BEASLEY, J. *(dissenting).* I respectfully dissent.

I believe the medical malpractice arbitration act[1] is constitutional. The cases and statute are cited in the majority opinion.

Since loss of consortium is a derivative action,[2] the loss of consortium claim should be submitted to arbitration along with the principal case.

I would affirm.

---

[1] MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.*

[2] *Jones v Slaughter,* 54 Mich App 120, 124; 220 NW2d 63 (1974); Anno: *Contributory negligence of spouse or child as bar to recovery of collateral damages suffered by other spouse or parent,* 21 ALR3d 469, 471; 41 Am Jur 2d, Husband and Wife, § 452, p 380.