McKINSTRY v VALLEY OBSTETRICS-GYNECOLOGY CLINIC, PC

Docket No. 56124. Submitted April 14, 1982, at Lansing.—Decided
    October 18, 1982. Leave to appeal applied for.

Plaintiffs, Kathleen McKinstry, Thomas McKinstry and Kathleen
    McKinstry, as next friend of Amanda McKinstry, a minor,
    brought an action in the Saginaw Circuit Court against defen-
    dants, Valley Obstetrics-Gynecology Clinic, P.C., and Saginaw
    General Hospital, seeking damages for alleged negligence in
    the prenatal treatment and delivery of Amanda McKinstry.
    Based on the existence of a valid arbitration agreement pursu-
    ant to the medical malpractice arbitration act the trial court,
    Hazen R. Armstrong, J., granted an order dismissing the cause
    for submission to arbitration. Plaintiffs appeal alleging the
    arbitration act is unconstitutional because (1) plaintiffs' due
    process rights are violated because one member of the arbitra-
    tion panel must be a physician or hospital administrator, and
    (2) plaintiffs are denied their constitutional right to trial by
    jury in the absence of a knowing and voluntary waiver. *Held:*

1. The medical malpractice arbitration act is unconstitutional
    because the requirement that a member of the tribunal decid-
    ing the merits of a patient's malpractice claim be a physician
    or hospital administrator creates an unconstitutionally high
    risk of bias against the plaintiff-patient.

2. The medical malpractice arbitration act is an unconstitu-
    tional violation of the patient's due process right to a fair and
    impartial tribunal since the arbitration agreement fails to
    advise the patient of the arbitration panel's statutorily man-
    dated composition; thereby precluding a finding of an inten-
    tional relinquishment or abandonment of a known right.

3. The medical malpractice arbitration agreement sufficiently

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award §§ 89, 98, 100.
    Arbitration of medical malpractice claim. 84 ALR3d 375.
    Disqualification of arbitrator by court or stay of arbitration proceed-
        ings prior to award, on ground of interest, bias, prejudice, collu-
        sion, or fraud of arbitrators. 65 ALR2d 755.
[2-4] 16A Am Jur 2d, Constitutional Law §§ 845, 846.
    Constitutionality of arbitration statutes. 55 ALR2d 432.
[3] 5 Am Jur 2d, Arbitration and Award § 8.

informs a patient of the procedures used in arbitration to enable a knowing, intelligent and voluntary waiver of the right to a trial.

Reversed and remanded for trial.

DANHOF, C.J., dissented. While he agrees with the majority that plaintiffs' waiver of a trial was not rendered ineffective because the agreement fails to provide a more detailed statement of the procedures used in arbitration he would hold that the medical malpractice arbitration act does not violate plaintiffs' right to a hearing before a fair and impartial tribunal. He would affirm.

### OPINION OF THE COURT

1. ARBITRATION — MEDICAL MALPRACTICE ARBITRATION ACT — CONSTITUTIONAL LAW.

   The portion of the medical malpractice arbitration act which requires a member of the tribunal deciding the merits of a patient's malpractice claim to be a physician or hospital administrator creates an unconstitutionally high risk of bias against a plaintiff-patient (MCL 600.5044[2]; MSA 27A.5044[2]).

2. ARBITRATION — MEDICAL MALPRACTICE ARBITRATION ACT — CONSTITUTIONAL LAW.

   The failure of a medical malpractice arbitration agreement to advise the patient of the arbitration panels' statutorily mandated composition precludes a finding that the patient intentionally relinquished or abandoned his due process right to a fair and impartial tribunal (MCL 600.5044[2]; MSA 27A.5044[2]).

3. ARBITRATION — MEDICAL MALPRACTICE ARBITRATION ACT — ARBITRATION AGREEMENT — RIGHT TO TRIAL — WAIVER OF RIGHT.

   The medical malpractice arbitration agreement sufficiently informs a patient of the procedures used in arbitration to enable a knowing, intelligent and voluntary waiver of the patient's constitutional right to a trial.

### DISSENT BY DANHOF, C.J.

4. ARBITRATION — MEDICAL MALPRACTICE ARBITRATION ACT — CONSTITUTIONAL LAW.

   *The medical malpractice arbitration act does not violate a plaintiff's right to a hearing before a fair and impartial tribunal (MCL 600.5040 et seq.; MSA 27A.5040 et seq.).*

*Charfoos, Christensen, Gilbert & Archer, P.C.*

(by *John N. Markwick* and *Adrienne G. South-gate)*, for plaintiffs.

*McGraw & Borchard, P.C.* (by *John W. McGraw)*, for Valley Obstetrics-Gynecology Clinic, P.C.

*Kitch, Suhrheinrich, Smith, Saurbier & Drut-chas, P.C.* (by *M. Sean Fosmire)*, for Saginaw General Hospital.

Before: DANHOF, C.J., and R. B. BURNS and WAHLS, JJ.

WAHLS, J. Plaintiffs appeal as of right from the trial court's order dismissing the cause for submission to arbitration pursuant to GCR 1963, 116.1(2) and 769.2(1).

This medical malpractice action arises out of alleged negligence in the prenatal treatment and delivery of plaintiff Amanda McKinstry. On October 17, 1978, plaintiff Kathleen McKinstry was admitted to defendant Saginaw General Hospital by employees of defendant Valley Obstetrics-Gynecology Clinic, P.C., suffering from a complication of pregnancy known as preeclampsia. At that time, plaintiff signed two medical malpractice arbitration agreements; one in her name and the other in the name of Baby or Babies McKinstry. On October 21, 1978, Kathleen McKinstry gave birth to Amanda McKinstry, who, during birth, suffered a shoulder and arm injury known as Erb's palsy.

Based on the existence of a valid arbitration agreement pursuant to the medical malpractice arbitration act (MMAA), MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.*, the trial court dismissed plaintiffs' lawsuit and entered an order for submission to arbitration.

Plaintiffs appeal as of right contending, *inter*

*alia,* that the MMAA is unconstitutional because (1) plaintiffs' due process rights are violated because one member of the arbitration panel must be a physician or hospital administrator,[1] and (2) plaintiffs are denied their constitutional right to trial by jury in the absence of a knowing and voluntary waiver.[2]

There is considerable disagreement within this Court concerning whether the act is constitutionally defective on the grounds asserted by plaintiffs in this appeal. See *Christman v Sisters of Mercy Health Corp,* 118 Mich App 719; 325 NW2d 801 (1982), and cases cited therein. We agree with the position of Judge BRONSON, in his dissent in *Morris v Metriyakool,* 107 Mich App 110; 309 NW2d 910 (1981), *lv gtd* 412 Mich 884 (1981), that the agreement's failure to advise the patient of the arbitration panel's statutorily mandated composition violates the patient's due process rights.[3]

Judge BRONSON concluded that the requirement that a member of the tribunal deciding the merits of a patient's malpractice claim be a physician or hospital administrator creates an unconstitutionally high risk of bias against the plaintiff-patient. This risk of bias is primarily due to (1) a direct pecuniary interest of the health care professional-member because of the relation between malpractice awards and malpractice insurance premiums; and (2) the prevailing anti-plaintiff attitude among large numbers of health care professionals. *Morris,*

---

[1] US Const, Am XIV; Const 1963, art 1, § 17; MCL 600.5044(2); MSA 27A.5044(2).

[2] Const 1963, art 1, § 14.

[3] Judge BRONSON's position was followed in *Strong v Oakwood Hospital Corp,* 118 Mich App 395; 325 NW2d 435 (1982), and in *Jackson v Detroit Memorial Hospital,* 110 Mich App 202; 312 NW2d 212 (1981), *lv gtd* 412 Mich 885 (1981), and a similar conclusion was reached by Judge KAUFMAN in *Murray v Wilner,* 118 Mich App 352; 325 NW2d 422 (1982).

*supra,* pp 123-125, 128. See also *Murray v Wilner,* 118 Mich App 352; 325 NW2d 422 (1982), where the factors creating a risk of bias were further discussed by Judge Kᴀᴜꜰᴍᴀɴ.

Although recognizing that the due process right to a fair and impartial tribunal may, like other constitutional rights, be waived, Judge Bʀᴏɴꜱᴏɴ concluded the agreement's failure to advise the patient of the panel's composition precluded finding an "intentional relinquishment or abandonment of a known right":

> "[A]s the state-fostered arbitration system is currently structured it is inherently unlikely that any individual who agrees to arbitrate will understand the due process implications of this decision. The portion of the statute relating to the composition of the arbitration panels violates due process of law by forcing the litigant to submit his or her claim to a tribunal which is composed in such a way that a high probability exists that said tribunal will be biased against the claimant without mandating the use of an arbitration form explicitly detailing the nature of the panel's makeup." *Morris,* p 134. (Footnote omitted.)

We find without merit, however, plaintiffs' claim that because the agreement fails to provide a more detailed statement of the procedures used in arbitration pursuant to the MMAA, and an explanation of how they differ from those of a trial, there can be no knowing, intelligent and voluntary waiver of a patient's constitutional right to trial. Although plaintiffs' argument is consistent with positions recently espoused by members of this Court,[4] we agree with the majority in *Brown v Siang,* 107 Mich App 91; 309 NW2d 575 (1981),

---

[4] See *Moore v Fragatos,* 116 Mich App 179; 321 NW2d 781 (1982); *Gale v Providence Hospital,* 118 Mich App 405; 325 NW2d 437 (1982). (Opinion by Cʏɴᴀʀ, J.)

and *Cushman v Frankel,* 111 Mich App 604; 314 NW2d 705 (1981), that a more detailed statement is unnecessary for a valid waiver. See also *Horn v Cooke,* 118 Mich App 740; 325 NW2d 558 (1982).

The agreement specifically informs the patient of the right to trial by judge or jury and that arbitration is a substitute for trial.

In signing the agreement plaintiff Kathleen McKinstry expressly certified that she did "fully understand" the contents of the agreement. In the event of coercion or fraud in the execution of a particular arbitration agreement, the agreement, like any contract, is void or at least voidable. *Horn v Cooke, supra; Brown v Siang, supra.*

In light of our conclusion that the MMAA is unconstitutional because of the composition of the panel and the agreement's failure to inform the patient of the panel's makeup, we need not address other issues raised by plaintiffs on appeal.

The trial court's order dismissing the cause for submission to arbitration is reversed, and the matter is remanded for trial.

R. B. BURNS, J., concurred.

DANHOF, C.J. *(dissenting).* I agree with the opinion of the majority insofar as it holds that plaintiffs' waiver was not rendered ineffective because the agreement fails to provide a more detailed statement of the procedures used in arbitration. However, I would follow *Brown v Siang,* 107 Mich App 91; 309 NW2d 575 (1981), and *Morris v Metriyakool,* 107 Mich App 110; 309 NW2d 910 (1981), *lv gtd* 412 Mich 884 (1981), and rule that the medical malpractice arbitration act does not violate plaintiffs' right to a hearing before a fair and impartial tribunal. I would affirm on this issue.