KUKOWSKI v PISKIN

Docket No. 44045. Submitted June 12, 1980, at Grand Rapids.—Decided July 23, 1980. Leave to appeal applied for.

Jacqualine Kukowski, upon admission to St. Mary's Hospital, signed an arbitration agreement. During her hospital stay, Mrs. Kukowski was prescribed certain medical treatment by M. S. Piskin, M.D., hereinafter defendant. After her release from St. Mary's Hospital, Mrs. Kukowski continued under the defendant's care as an out-patient of the Kent County Hospital and executed a second arbitration agreement. Both arbitration agreements were hospital-patient agreements. The defendant entered into separate agreements with both hospitals under which he agreed to arbitrate all claims with patients who elected arbitration.

Subsequently, Mrs. Kukowski, and Clement Kukowski, her husband, filed a malpractice suit against the defendant. The Kent Circuit Court, George R. Cook, J., denied a motion by the defendant to dismiss or to compel arbitration. The defendant appeals from the denial of the motion. *Held:*

There is a strong public policy in Michigan favoring arbitration and arbitration clauses are to be liberally construed, with all doubts about the arbitrability of an issue resolved in favor of arbitration. A fundamental rule of construction when interpreting an agreement is that the language of an agreement, where not ambiguous, must be given its plain meaning. Arbitration agreements are not rendered invalid because they do not contain verbatim recitation of the statutory provision concerning hospital treatment.

Reversed and remanded.

1. ARBITRATION — CONSTRUCTION — PUBLIC POLICY.

There is a strong public policy in Michigan favoring arbitration and arbitration clauses are to be liberally construed, with all

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award § 7.
[2] 17 Am Jur 2d, Contracts § 241.
[3] 5 Am Jur 2d, Arbitration and Award § 14.
  Arbitration of medical malpractice claims. 84 ALR3d 375.

doubts about the arbitrability of an issue resolved in favor of arbitration.

2. CONTRACTS — INTERPRETATION — AMBIGUITY.

A fundamental rule of construction when interpreting an agreement is that the language of an agreement, where not ambiguous, must be given its plain meaning.

3. ARBITRATION — MEDICAL MALPRACTICE — VALIDITY — LANGUAGE — STATUTES.

Arbitration agreements under the Medical Malpractice Arbitration Act are not rendered invalid because they do not contain verbatim recitation of the statutory provision concerning hospital treatments (MCL 600.5042[5]; MSA 27A.5042[5]).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Stanley S. Schwartz* and *Richard D. Toth*), for plaintiffs.

*Cholette, Perkins & Buchanan* (by *John C. Buchanan* and *Robert J. Riley*), for defendant.

Before: ALLEN, P.J., and D. F. WALSH and G. R. MCDONALD,* JJ.

D. F. WALSH, J. This is a malpractice action. Defendant appeals the circuit court denial of a motion to dismiss or to compel arbitration.

Upon admission to St. Mary's Hospital on September 20, 1976, plaintiff Jacqualine Kukowski (hereinafter plaintiff) executed an arbitration agreement. During her hospital stay, Dr. Piskin, an independent staff consultant, prescribed certain medical treatment for plaintiff. After her release from the hospital one week later, she continued under defendant's care as an out-patient of the Kent County Hospital and executed a second arbitration agreement. Both arbitration agreements signed by plaintiff were hospital-patient agree-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ments. Dr. Piskin entered into separate agreements with both hospitals under which he agreed to arbitrate all claims with patients who elected arbitration.

In September, 1978, plaintiff filed a malpractice suit against Dr. Piskin, who moved to dismiss or to compel arbitration. The trial court's denial of this motion is the subject of this appeal.

There is a strong public policy in this state favoring arbitration. Arbitration clauses are to be liberally construed, with all doubts about the arbitrability of an issue resolved in favor of arbitration. *Detroit Automobile Inter-Ins Exchange v Reck,* 90 Mich App 286, 289-290; 282 NW2d 292 (1979). The instant controversy involves the medical Malpractice Arbitration Act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.*

The arbitration agreements signed by plaintiff read, in part, as follows:

"I understand that this hospital and I by signing this document agree to arbitrate any claims or disputes (except for disputes over charges for services rendered) which may arise in the future out of or in connection with the health care rendered to me during this hospital stay and/or emergency room visit by this hospital, its employees and those of its independent staff doctors and consultants who have agreed to arbitrate.

\* \* \*

"I understand that this agreement to arbitrate is binding on me and all my agents, representatives and heirs and assigns as well as on this hospital, its employees and those of its independent staff doctors, and consultants who have agreed to arbitrate."

Plaintiff argues that since the arbitration agreements were entered into between only the hospitals and herself, they were not applicable to claims

instituted against an independent staff doctor. We disagree.

When interpreting an agreement, a fundamental rule of construction is that the language of an agreement, where not ambiguous, must be given its plain meaning. *New Amsterdam Casualty Co v Sokolowski,* 374 Mich 340; 132 NW2d 66 (1965). We find the agreements in question to be unambiguous.

Plaintiff agreed to arbitrate any dispute which arose out of or in connection with the health care rendered by the hospital, its employees and the independent staff doctors who had agreed to arbitrate. By signing these documents, plaintiff clearly agreed to arbitrate claims involving parties other than the hospitals alone. Dr. Piskin was an independent staff doctor who had executed an agreement to arbitrate. The dispute, which is the subject of this litigation, arose out of the health care prescribed by defendant. The plain meaning of the arbitration agreement is that both plaintiff and defendant agreed to arbitrate claims arising out of or in connection with the health care rendered to plaintiff during the course of her treatment at the hospitals by defendant in his capacity as an independent staff doctor. We conclude, therefore, that the trial court erred in denying defendant's motion to compel arbitration.

The fact that plaintiff was unaware of defendant's agreement to arbitrate is not fatal here because plaintiff agreed to arbitrate *any* disputes arising from the health care rendered by *any* doctor who had executed an agreement to arbitrate.

Plaintiff also attacks the validity of the arbitration agreements on the ground that they were not drafted in conformity with the statute. Specifically,

plaintiff argues that the agreements did not apprise her of the fact that they encompassed all surgical and medical procedures performed by a health care provider in the hospital, as stated in MCL 600.5042(5); MSA 27A.5042(5).

We are not persuaded that the agreements were rendered invalid simply because they did not contain a verbatim recitation of the specific statutory provision. The statute does not require a word-for-word recitation of this provision in an arbitration agreement. Since the substance of MCL 600.5042(5); MSA 27A.5042(5), was contained in the two previously quoted provisions in the arbitration agreements signed by the plaintiff, they sufficiently complied with the statute.

Plaintiff's argument that the defendant's alleged acts of malpractice (prescription of a drug) do not fit within the provisions of the arbitration agreement is without merit. The prescription of drugs certainly falls within the category of "health care rendered" to the plaintiff.

Finally, defendant contends that because plaintiff also filed a demand for arbitration, that is the only relief available. We are unaware of any authority which would support that proposition and none is cited by the defendant.

Reversed and remanded for proceedings consistent with this opinion. Costs to appellant.