TROY v LEEP

Docket No. 47088. Submitted October 7, 1980, at Grand Rapids.— Decided November 5, 1980.

Plaintiffs, Gerald Troy and Debra Troy, brought a malpractice action against the defendant, Joseph H. Leep, M.D., Mrs. Troy's obstetrician, in connection with the premature birth, and the death five months later, of their child. The day after the child was born, Mrs. Troy signed an arbitration agreement with the hospital to arbitrate any claim arising out of the health care rendered to her during her hospital stay. Plaintiffs charged that the defendant had been negligent in the prenatal care he rendered to Mrs. Troy and that this negligence led to the premature birth and subsequent death of the child. Defendant's motion to proceed with arbitration was granted by Kent Circuit Court, John T. Letts, J., and plaintiffs appeal. *Held:*

The arbitration agreement only covered actions for health care rendered while the patient was in the hospital. Plaintiff's complaint alleged that the defendant committed negligent acts prior to the time Mrs. Troy was admitted to the hospital. The arbitration agreement does not cover such actions.

Reversed and remanded.

ARBITRATION — MALPRACTICE — HOSPITALS — PHYSICIANS AND SURGEONS — AGREEMENTS TO ARBITRATE.

An agreement to arbitrate any claims arising out of the health care rendered to a patient during a hospital stay does not apply to actions brought against a doctor charging him with negligent care prior to the patient's admission to the hospital.

*Charfoos & Charfoos, P.C.* (by *John G. Konkel),* for plaintiffs.

*Hillman, Baxter & Hammond, P.C.,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE

[1] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 179, 179.5.

Arbitration of medical malpractice claims. 84 ALR3d 375.

Before: R. M. Maher, P.J., and R. B. BURNS and D. F. WALSH, JJ.

PER CURIAM. The trial judge granted the defendant's motion for an order to proceed with arbitration. Plaintiffs appeal and we reverse.

In September, 1976, Debra Troy was pregnant and being treated by defendant. During the next two months she complained of vaginal spotting and vaginal discharges. Defendant advised her that the spotting was due to a weak cervix and prescribed vaginal suppositories for the discharge.

On the morning of November 10, 1976, Mrs. Troy called defendant and told him that she was having pains three to twelve minutes apart. At 4 p.m., Mrs. Troy went to the emergency room of Blodgett Hospital and from there to the labor room. At 5:20 p.m., she gave birth to a 1-pound, 9-ounce son, Chad Troy.

The next day, Mrs. Troy signed an arbitration agreement with Blodgett Hospital whereby she agreed to arbitrate any claim arising out of the health care rendered to her during her hospital stay. No agreement was signed on behalf of the infant son. The infant, Chad Troy, died on April 24, 1977.

Plaintiffs' complaint states:

"That defendant Joseph H. Leep, M.D. breached said duty in the following manner:

"(a) That a reasonable and prudent licensed and practicing physician and surgeon specializing in obstetrics and gynecology, when faced with a pregnant woman in her third month experiencing a weak cervix, would attempt to suture said cervix to prevent the premature birth of a child.

"(i) Defendant failed to do this and his failure was a deviation of the acceptable standard of care."

Defendant filed a motion in the trial court asking that the court order the plaintiffs to proceed with arbitration. The court granted the motion and plaintiffs appeal.

The arbitration agreement reads:

"I understand that this hospital and I by signing this document agree to arbitrate any claims or disputes (except for disputes over charges for services rendered) which may arise in the future out of or in connection with the health care rendered to me during this hospital stay and/or emergency room visit by this hospital, its employees and those of its independent staff doctors and consultants who have agreed to arbitrate."

The defendant has signed a separate document wherein he also had agreed to submit such controversies to arbitration.

The arbitration agreement only covered actions for health care rendered while the patient was in the hospital. Plaintiffs in this case have alleged that defendant committed negligent actions prior to Debra Troy's admission to the hospital. The arbitration agreement does not cover such actions.

The order of the trial court for the parties to arbitrate is reversed and set aside and the cause is remanded for trial.

Reversed. Costs to plaintiffs.