## McCLOY v DORFMAN

Docket No. 57281. Submitted May 19, 1982, at Detroit.—Decided March 8, 1983. Leave to appeal applied for.

Barbara McCloy was admitted to St. Joseph Mercy Hospital. McCloy signed an agreement to arbitrate any dispute arising out of treatment rendered to her by the hospital, its employees and its independent staff doctors who had agreed to arbitrate. Stanley Dorfman, M.D., had signed an agreement to arbitrate. Subsequently, McCloy and her husband filed suit in Oakland Circuit Court against Dorfman and the hospital. The court, Robert L. Templin, J., granted accelerated judgment for Dorfman. The plaintiffs appealed, alleging that: (1) the malpractice arbitration act is unconstitutional because the makeup of the arbitration panel provided for by the act violates their due process rights to a fair and impartial tribunal, (2) the arbitration agreement Barbara McCloy signed upon entering the hospital did not cover Dorfman, (3) the two arbitration agreements signed by Barbara McCloy and Dorfman regarding outpatient care are void, (4) all three of the arbitration agreements are void because Barbara McCloy did not receive an information brochure, and (5) the arbitration agreement with the hospital should not be enforced because Barbara McCloy did not read it before signing it and she thought that its terms were different. *Held:*

1. The malpractice arbitration act is unconstitutional. The statutorily prescribed composition of the arbitration panel creates a situation in which the probability of actual bias on the part of the decision-maker is too high to be constitutionally tolerable, thereby violating plaintiffs' due process rights to a hearing before a fair and impartial tribunal.

2. The trial court erred in allowing Dorfman to rely on the

REFERENCES FOR POINTS IN HEADNOTES

[1, 7] 5 Am Jur 2d, Arbitration and Award § 8.
  Constitutionality of arbitration statutes. 55 ALR2d 432.
[2, 5, 6] 5 Am Jur 2d, Arbitration and Award § 11 *et seq.*
[3] 4 Am Jur 2d, Appeal and Error § 488.
  5 Am Jur 2d, Appeal and Error § 742.
[4] 5 Am Jur 2d, Appeal and Error §§ 545, 566, 711.

arbitration agreement signed by Barbara McCloy upon entering the hospital to compel arbitration of the dispute. Because Dorfman's agreement to arbitrate with the defendant hospital is not part of the trial record, there is no basis in the record to establish that Dorfman was an independent staff doctor who had agreed to arbitrate and was thus included in the agreement signed by Barbara McCloy.

3. The plaintiffs failed to raise the issue of the validity of the arbitration agreements concerning outpatient care received by Barbara McCloy in the trial court. Issues not raised at the trial level should not be considered on appeal unless the claim is necessary to a proper determination of the case, involves a necessary question of law for which all the facts have been presented, or a manifest injustice would result. No special circumstances exist which would relieve the plaintiffs of their burden to raise that issue in the trial court.

4. An arbitration agreement between a patient and a health care provider is unenforceable if the patient did not receive an information brochure and a copy of the executed agreement. Although the plaintiffs did not raise the issue of Barbara McCloy's not receiving such information in the trial court, the issue is necessary to a proper determination of the case. There is a factual dispute regarding whether Barbara McCloy received an information brochure and a copy of the agreement.

5. Plaintiffs' allegations that Barbara McCloy did not read the agreement with the hospital before signing it or thought its terms were different are not sufficient to prohibit enforcement of the contract absent fraud or mutual mistake.

N. J. KAUFMAN, J., concurred separately.

Reversed.

M. F. CAVANAGH, P.J., dissented. He has previously participated in decisions upholding the constitutionality of the malpractice arbitration act. He is re-evaluating his position on the constitutionality of the act and believes that it would serve no purpose to delay the disposition of the case to allow him more time to reflect on the question.

OPINION OF THE COURT

1. PHYSICIANS AND SURGEONS — MALPRACTICE ARBITRATION ACT —
   CONSTITUTIONAL LAW — DUE PROCESS — STATUTES.

The malpractice arbitration act unconstitutionally deprives a patient of his due process right to a hearing before a fair and impartial tribunal; the statutorily prescribed composition of the arbitration panel creates a situation in which the probability of

actual bias on the part of the decision-maker is too high to be constitutionally tolerable and there is no mechanism in the act for relief from uninformed execution of an arbitration agreement once the 60-day revocation period lapses (US Const, Am XIV; Const 1963, art 1, § 17; MCL 600.5044[2]; MSA 27A.5044[2]).

2. ARBITRATION — MALPRACTICE ARBITRATION ACT.

A party who signs a medical malpractice arbitration agreement form agreeing to arbitrate any claims against a hospital, its employees, and independent staff doctors and consultants who have agreed to arbitrate validly agrees to arbitrate a dispute with an independent staff doctor who has signed an agreement to arbitrate even where the patient is unaware of the doctor's agreement to arbitrate.

3. APPEAL — TRIAL COURT RECORD.

A trial court record may not be enlarged on appeal.

4. APPEAL — PRESERVING ISSUES.

An issue not raised at trial is not preserved for appeal unless the claim is necessary to a proper determination of the case, involves a question of law for which all facts have been presented, or a manifest injustice would result.

5. ARBITRATION — MEDICAL MALPRACTICE ARBITRATION FORMS.

A medical malpractice arbitration agreement between a patient and a health care provider is unenforceable if the patient did not receive an information brochure and a copy of the executed agreement.

6. CONTRACTS — FRAUD OR MISTAKE.

Absent a showing of fraud or mutual mistake, when enforcement of a contract is sought, the contract should not be held unenforceable where a party to the contract claims that he did not read the contract or thought its terms were different.

DISSENT BY M. F. CAVANAGH, P.J.

7. ARBITRATION — MALPRACTICE ARBITRATION ACT.

*The malpractice arbitration act is not an unconstitutional denial of a malpractice plaintiff's right to due process of law merely because the act requires that a doctor or hospital administrator sit on the arbitration panel (MCL 600.5044; MSA 27A.5044).*

CONCURRENCE BY N. J. KAUFMAN, J.

8. ARBITRATION — MEDICAL MALPRACTICE — ARBITRATION PANELS —
   DUE PROCESS.

   *A plaintiff's right to due process is violated when a medical*
   *malpractice arbitration panel must employ either a doctor or*
   *hospital administrator among its members because a hearing*
   *before an unbiased and impartial decision-maker is basic to the*
   *concept of due process of law.*

*Richard A. Levitt,* for plaintiffs.

*Moll, Desenberg, Bayer & Behrendt* (by *Jon P.*
*Desenberg),* for Dorfman.

Before: M. F. CAVANAGH, P.J., and N. J. KAUF-
MAN and R. A. BENSON,* JJ.

R. A. BENSON, J. In this medical malpractice
action the trial court granted defendant Dorfman's
motion for accelerated judgment on the basis of
lack of jurisdiction because plaintiff Barbara Mc-
Cloy (hereinafter plaintiff) had signed arbitration
agreements with both Dorfman and Sisters of
Mercy Health Corporation. Plaintiff's motion for
rehearing was granted but the trial court affirmed
its order of accelerated judgment. Plaintiff appeals
by right.

Plaintiff first argues that the malpractice arbi-
tration act, MCL 600.5040 *et seq.;* MSA 27A.5040
*et seq.,* is unconstitutional because the makeup of
the arbitration panel provided for by the act vio-
lates the plaintiffs' due process right to a fair and
impartial tribunal. We agree. Although we recog-
nize that there is a split of opinion among the
members of our Court on this issue, we are per-
suaded that the reasoning set forth in *Jackson v*
*Detroit Memorial Hospital,* 110 Mich App 202; 312
NW2d 212 (1981), and *Murray v Wilner,* 118 Mich

---

* Circuit judge, sitting on the Court of Appeals by assignment.

App 352; 325 NW2d 422 (1982), is the better view and we adopt that position.

However, the Michigan Supreme Court has granted leave to appeal in *Jackson, supra,* 412 Mich 885 (1981), as well as in *Morris v Metriyakool,* 107 Mich App 110; 309 NW2d 910 (1981), *lv gtd* 412 Mich 884 (1981), which found the act to be constitutional, so the issue regarding the constitutionality of the act shall soon be resolved. Because the possibility exists that the Court will uphold the constitutionality of the act, we will address the plaintiffs' remaining issues on appeal.

Plaintiff next argues that the arbitration agreement signed between the plaintiff and defendant Health Corporation does not cover defendant Dorfman because the agreement makes no reference to him and he did not sign it. The pertinent language of this agreement states:

"I understand that this agreement to arbitrate is binding on me and all my agents, representatives and heirs and assignees as well as on this hospital, its employees and those of its independent staff doctors, and consultants who have agreed to arbitrate."

This Court interpreted language of a similar nature in *Kukowski v Piskin,* 99 Mich App 1; 297 NW2d 612 (1980). In that case we held that, by signing the agreement, the plaintiff clearly agreed to arbitrate claims involving parties other than the hospital, including independent staff doctors who had executed an agreement to arbitrate. We further held that the plaintiff's unawareness of the defendant's agreement to arbitrate was not fatal to the defendant's position because the plaintiff had agreed to arbitrate any disputes arising from health care rendered by any doctor who had agreed to arbitrate. *Kukowski, supra,* p 4. The

decision in *Kukowski* was recently affirmed on appeal by an equally divided Supreme Court. *Kukowski v Piskin,* 415 Mich 31; 327 NW2d 832 (1982).

In the case at bar, defendant Dorfman produced an agreement to arbitrate which was signed by him and by defendant Health Corporation; thus, it appears that defendant Dorfman was an independent staff doctor who had agreed to arbitrate within the meaning of the agreement signed by the plaintiff. However, defendant Dorfman's agreement to arbitrate with defendant Health Corporation is not part of the trial record. It is well settled that a trial court record may not be enlarged on appeal. *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973). Therefore, there is no basis in the record for us to hold that defendant Dorfman is an independent staff doctor who had agreed to arbitrate and was thus included in the agreement signed by the plaintiff. Accordingly, the trial court erred in allowing defendant Dorfman to rely on this agreement to compel arbitration of the matter.

Plaintiff next argues that the two arbitration agreements signed by the plaintiff and defendant Dorfman are void because they do not comply with MCL 600.5041(3); MSA 27A.5041(3). Plaintiff failed to raise this issue in the trial court. Issues not raised at the trial level may not be raised on appeal unless the claim is necessary to a proper determination of the case, involves a necessary question of law for which all the facts have been presented, or a manifest injustice would result. *Szidik v Podsiadlo,* 109 Mich App 446, 451; 311 NW2d 386 (1981). Our review of this claim reveals no special circumstances which would relieve the plaintiff of her burden to raise all applicable issues

in the trial court, especially since we agree with defendant Dorfman that these two arbitration agreements are irrelevant to this appeal because they concern claims arising from outpatient care rendered to the plaintiff by defendant Dorfman, whereas the present case arises from health care rendered to the plaintiff in the hospital.

Plaintiff next argues that all three arbitration agreements are void because they did not comply with MCL 600.5041(6); MSA 27A.5041(6) and MCL 600.5042(7); MSA 27A.5042(7), which require a patient signing an arbitration agreement to be furnished with an information brochure which clearly details the arbitration agreement and revocation provision and the form of the agreement. We note again that the plaintiff did not raise this issue below; however, we will consider it because we are persuaded this is necessary to a proper determination of the case. *Szidik, supra.*

This Court considered this same argument in *Rome v Sinai Hospital of Detroit,* 112 Mich App 387; 316 NW2d 428 (1982). In *Rome,* the plaintiff claimed that the arbitration agreement in question was not enforceable because the defendant hospital failed to provide the plaintiff with the information brochure and a duplicate or original of the executed arbitration form. The Court held that, despite the strong public policy in favor of arbitration and the rule that arbitration clauses should be liberally construed, the plaintiff was entitled to a remand for an evidentiary hearing on the factual question of whether the plaintiff received an information brochure and a copy of the signed agreement. *Rome, supra,* pp 391-392. We conclude that the implication of the decision in *Rome* is that an arbitration agreement between a patient and a health care provider is unenforceable if the

patient did not receive the information brochure and a copy of the executed agreement.

There is clearly a factual dispute in the instant case regarding whether the plaintiff received an information brochure and a copy of the agreement. Were it not for our decision to reverse on the basis of the unconstitutionality of the malpractice arbitration act, we would remand the case for an evidentiary hearing to resolve this dispute.

Plaintiff's remaining issues on appeal merit little discussion. It is well settled that one who signs a contract will not be heard to say, when enforcement is sought, that he or she did not read it or thought its terms were different, absent a showing of fraud or mutual mistake. *International Transportation Ass'n v Bylenga,* 254 Mich 236, 239; 236 NW 771 (1931). No such showing has been made in this case. Lastly, there were no other genuine, material issues of fact which precluded the trial court from granting an accelerated judgment in favor of defendant Dorfman.[1]

Reversed.

M. F. Cavanagh, P.J. *(dissenting).* I have participated in decisions upholding the constitutionality of the malpractice arbitration act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.* See *Williams v O'Connor,* 108 Mich App 613; 310 NW2d 825 (1981), and *Cushman v Frankel,* 111 Mich App 604; 314 NW2d 705 (1982). For this reason, I dissent from the majority's holding in this case. All sides of this question have been exhaustively discussed by numerous opinions from this Court. The matter has been argued and submitted to our

---

[1] It must be remembered that the plaintiff did not argue in the trial court that the defendants' failure to provide her with an information brochure or a copy of the agreement invalidated the agreement; thus, this was not a disputed fact before the trial court.

Supreme Court from whence the resolution of this dispute should be forthcoming. I am in the process of re-evaluating my position on this question based upon the very cogent opinion of Judge NATHAN KAUFMAN, my colleague in *Cushman, supra,* in the case of *Murray v Wilner,* 118 Mich App 352; 325 NW2d 422 (1982). However, as this issue is squarely framed for disposition by the Supreme Court, it would serve no purpose to delay our disposition of this case simply to allow me more time to reflect further on this question.

N. J. KAUFMAN, J. *(concurring).* I concur separately based on my opinion in *Murray v Wilner,* 118 Mich App 352; 325 NW2d 422 (1982).