VILLARREAL v CHUN

Docket No. 132821. Submitted February 2, 1993, at Detroit. Decided April 5, 1993, at 9:40 A.M.

Maria Villarreal, for herself and as personal representative of the estate of Melchor Villarreal, deceased, brought an action in the Oakland Circuit Court against Kenneth K. Chun, M.D., and Kenneth K. Chun, M.D., P.C., alleging medical malpractice based on the doctor's failure to provide proper care to the decedent both inside and outside a hospital. The court, Robert L. Templin, J., granted summary disposition for the defendants on the basis of agreements to arbitrate that applied only to care given inside the hospital after finding that the majority of the claimed malpractice had occurred inside the hospital. The plaintiff appealed.

The Court of Appeals *held:*

When an arbitration agreement unambiguously limits itself to care given in a hospital, it is error to dismiss a malpractice claim involving allegations of malpractice both in and out of the hospital. The malpractice claim may continue, but must be limited to allegations of malpractice that occurred outside the hospital. The summary disposition in this case must be affirmed to the extent that it bars the plaintiff from claiming malpractice based on care in the hospital, and reversed to the extent that it dismisses the claim of malpractice for care received outside the hospital. The plaintiff, in order to establish liability on remand, will have to prove that the doctor's care given outside the hospital was negligent and that the decedent's injuries were proximately caused by that negligence. If liability is established, the factfinder may determine the full value of any injuries so caused. Even if those injuries have other proximate causes, including the doctor's negligence in the hospital, those causes do not diminish the doctor's liability to the plaintiff.

Affirmed in part, reversed in part, and remanded.

ARBITRATION — MEDICAL MALPRACTICE — ARBITRATION AGREEMENTS — MOTIONS AND ORDERS — SUMMARY DISPOSITION.

A claim of medical malpractice involving care received both inside and outside a hospital should not be summarily dis-

missed on the basis of an arbitration agreement whose application is limited to claims regarding care received inside the hospital; summary disposition is proper with regard to allegations of malpractice for care received inside the hospital, but improper with regard to allegations of malpractice for care received outside the hospital.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for the plaintiff.

*Law Offices of Schwartz & Jalkanen* (by *Karl E. Hannum*), for the defendants.

Before: WAHLS, P.J., and MICHAEL J. KELLY and CONNOR, JJ.

CONNOR, J. Plaintiff appeals as of right the trial court's summary dismissal of her medical malpractice claims on the basis of agreements to arbitrate. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiff alleges that Dr. Kenneth K. Chun failed to provide her decedent with proper medical care while treating him over a period of several months, resulting in amputation of his left leg below the knee. Several times during this period plaintiff's decedent was admitted to the hospital, and each time he executed an arbitration agreement containing the following language:

> By signing this agreement, I am choosing arbitration rather than going to court as a way of deciding any future claim about my hospital care. This agreement ONLY applies to my care during this hospital stay and/or emergency room visit.

Dr. Chun provided the decedent with care both in and out of the hospital. Because plaintiff's claim of malpractice rests on Dr. Chun's failure to provide

proper care, the alleged malpractice necessarily occurred both in and out of the hospital.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(7) on the basis of the arbitration agreement. The trial court recognized that plaintiff's claim involved care provided both inside and outside the hospital, but the court dismissed plaintiff's complaint because it decided the majority of the claimed malpractice had occurred inside the hospital.

Plaintiff argues that the trial court should not have dismissed her malpractice claim. We agree, in part.

There are two types of medical arbitration agreements in Michigan: agreements between patients and hospitals covering in-hospital care, and agreements between patients and health care providers covering out-of-hospital care. See MCL 600.5041 and 600.5042; MSA 27A.5041 and 27A.5042. This Court has previously ruled that alleged malpractice that occurs outside a hospital is not covered by an in-hospital agreement. See *Troy v Leep,* 101 Mich App 425; 300 NW2d 598 (1980). However, the Court has also decided that when damages for malpractice that occurs outside a hospital are inextricable from damages for malpractice that occurs in a hospital, the whole claim must be arbitrated according to any in-hospital agreement. See *Marciniak v Amid,* 162 Mich App 71; 412 NW2d 248 (1987); *Harte v Sinai Hosp of Detroit,* 144 Mich App 659, 665; 375 NW2d 782 (1985).

We find the reasoning in *Marciniak* and *Harte* to be flawed and reject it. We hold that when an arbitration agreement unambiguously limits itself to in-hospital care, it is error to dismiss a malpractice claim involving allegations of both in-hospital

and out-of-hospital malpractice. The malpractice claim may continue, but must be limited to allegations of malpractice that occurred outside the hospital.

The arbitration agreement at issue in this case, by its plain terms, clearly and unambiguously "ONLY applies" to in-hospital care. The intent of the parties could not be stated with more clarity. The agreement simply does not cover claims pertaining to out-of-hospital care. Dr. Chun and plaintiff's decedent could have agreed to arbitrate claims about out-of-hospital care but did not do so. Therefore, plaintiff cannot be compelled to arbitrate her claim that Dr. Chun's out-of-hospital care was deficient. On the other hand, plaintiff must arbitrate, rather than litigate, her claim that Dr. Chun's in-hospital care was deficient. We affirm the trial court's judgment to the extent it bars plaintiff from claiming malpractice based on in-hospital care, but reverse the judgment to the extent it dismisses plaintiff's claim of malpractice for care received outside the hospital.

To establish liability on remand, plaintiff will have to prove that Dr. Chun's out-of-hospital care was negligent and that the decedent's injuries were proximately caused by that out-of-hospital negligence. If liability is established, the factfinder may determine the full value of any injuries so caused. Even if those injuries have other proximate causes, including Dr. Chun's in-hospital negligence, those other causes do not diminish the doctor's liability to plaintiff. See *Arbelius v Poletti,* 188 Mich App 14, 19; 469 NW2d 436 (1991).[1]

Affirmed in part, reversed in part, and remanded.

---

[1] Of course, the lower court's judgment will have to take into account any arbitration awards or other settlements involving jointly liable tortfeasors. See MCL 600.2925d; MSA 27A.2925(4).