REMBERT v RYAN'S FAMILY STEAKHOUSE, INC

Docket No. 196542. Released December 2, 1997, at 9:00 A.M.; vacated December 16, 1997.

Before: CORRIGAN, C.J., and GRIFFIN and HOEKSTRA, JJ.

GRIFFIN, J. Plaintiff appeals as of right an order of the circuit court granting summary disposition in favor of defendants on the basis that plaintiff's claims are barred by an agreement to arbitrate. MCR 2.116(C)(7). Were we permitted, we would affirm for the reasons set forth in Judge (now Justice) TAYLOR's opinion (concurring in part and dissenting in part) in *Rushton v Meijer, Inc (On Remand)*, 225 Mich App 156; 570 NW2d 291 (1997). However, pursuant to MCR 7.215(H) we must follow and apply the holding of the majority opinion in *Rushton, supra*, which compels us to affirm in part and reverse in part.

I

Contemporaneously with his hiring by defendants, plaintiff executed a contract in which he agreed to arbitrate all employment-related disputes. Unlike in *Heurtebise v Reliable Business Computers, Inc*, 452 Mich 405; 550 NW2d 243 (1996), the arbitration agreement here is clearly a contract. Accordingly, the basis found by the Supreme Court in *Heurtebise* for not enforcing the arbitration provision is not applicable in the present case.

However, in *Rushton, supra* at 170, this Court in a two to one decision adopted Justice CAVANAGH's concurring opinion in *Heurtebise*. The *Rushton* majority held "that Meijer [the employer] cannot require its employees, as a condition of employment, to waive prospectively their right to pursue direct and immediate review of civil rights claims in a judicial forum." The *Rushton* panel based its decision on Michigan's longstanding public policy of vigorously protecting the civil rights of its citizens.

Judge TAYLOR dissented, arguing the fundamental policy of freedom of contract. Judge TAYLOR also noted that Michigan's public policy, as reflected in our arbitration act, MCL 600.5001; MSA 27A.5001, and judicial decisions[1], favors arbitration and other forms of alternative dispute reso-

---

[1]    See, e.g., *Detroit v A W Kutsche & Co*, 309 Mich 700, 703; 16 NW2d 128 (1944), *Grazia v Sanchez*, 199 Mich App 582, 584; 502 NW2d 751 (1993), *McKain v Moore*, 172 Mich App 243, 248; 431 NW2d 470 (1988), *Marciniak v Amid*, 162 Mich App 71, 76; 412 NW2d 248 (1987), *Omega*

lution (ADR). The exclusion of all prospective civil rights claims from ADR would thwart these important public policy objectives. Further, as Judge TAYLOR noted in *Rushton, supra* at 177-178:

> [T]he whole notion of prospective waivers of important rights is not, as the majority seems to believe, inherently repugnant to our constitutional order. Indeed, it is well established that rights of a higher standing than that of forum selection, i.e., constitutional rights themselves, may be prospectively waived. . . . Given that these highly valued constitutional rights may be prospectively waived without offending public policy, how can it be seriously suggested that, without a statute or provision of the constitution prohibiting it, and, in fact, our state arbitration act allowing it, the right to have a circuit court to resolve a civil rights dispute may not be prospectively waived in favor of having such a claim adjudicated in an arbitral forum?

We agree with the reasoning of Judge TAYLOR and would follow and adopt his opinion.[2] We find no support for the *Rushton* majority's conclusionary statement that *all* employment contracts to arbitrate prospective civil rights claims violate public policy.[3] As noted by Judge TAYLOR, important rights, even of a constitutional magnitude, may be waived, modified, or limited by contract. Indeed, the *Rushton* holding contradicts recent federal court decisions, which have routinely ordered employees to arbitrate a wide variety of state and federal statutory claims under the provisions of predispute mandatory arbitration agreements governing employment discrimination claims. In *Gilmer v Interstate/Johnson Lane Corp*, 500 US 20; 111 S Ct 1647; 114 L Ed 2d 26 (1991), the United States Supreme Court considered whether claims arising under the Age Discrimination in Employment Act (ADEA), 29 USC 621 *et seq.*, could be the subject of an enforceable arbitration agreement. The Court concluded that there was no evidence of a congressional intent to preclude arbitration of ADEA

---

*Constr Co, Inc v Altman,* 147 Mich App 649, 655; 382 NW2d 839 (1985), and *Northland Ins Co v Sny,* 98 Mich App 507, 508; 296 NW2d 292 (1980).

[2] We would not adopt the unnecessary commentary contained in the footnotes.

[3] The notion of unconscionability may be an underpinning of the *Rushton* decision. On this unarticulated issue, we note that, although atypical, many employment contracts are entered into with equal bargaining strength. Furthermore, in contracts involving some corporate executives or famous sport stars, the employee, not the employer, often has the stronger bargaining position. To hold in such situations that the employee cannot contractually agree to arbitrate prospective claims, including civil rights claims, is to deny, without reason, the right to contract. While case by case we might find some employment contracts to arbitrate future claims to be unconscionable, or not arbitrable as gleaned from legislative intent, the all-encompassing rule of law created by *Rushton* simply goes too far.

claims and allowed enforcement of an agreement to arbitrate such claims. *Gilmer, supra* at 35. In so holding, the United States Supreme Court, *id.* at 30, reiterated the significance of arbitration as a viable means of dispute resolution:

> In arguing that arbitration is inconsistent with the ADEA, Gilmer also raises a host of challenges to the adequacy of arbitration procedures. Initially, we note that in our recent arbitration cases we have already rejected most of these arguments as insufficient to preclude arbitration of statutory claims. Such generalized attacks on arbitration "rest on suspicion of arbitration as a method of weakening the protections afforded in the substantive law to would-be complainants," and as such, they are "far out of step with our current strong endorsement of the federal statutes favoring this method of resolving disputes." *Rodriguez de Quijas [v Shearson/American Express, Inc,* 490 US 477, 481; 109 S Ct 1917; 104 L Ed 2d 526 (1989)].

Post-*Gilmer* decisions uniformly have found its rationale to be equally applicable to the arbitration of claims arising under another federal civil rights statute, title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq.* See, e.g., *Cosgrove v Shearson Lehman Bros,* 105 F3d 659 (CA 6, 1997); *Willis v Dean Witter Reynolds, Inc,* 948 F2d 305, 310 (CA 6, 1991); *Cremin v Merrill Lynch Pierce Fenner & Smith, Inc,* 957 F Supp 1460, 1471 (ND Ill, 1997) (and cases cited therein). These cases demonstrate that "[b]y agreeing to arbitrate a statutory claim, a party does not forego the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Mitsubishi Motors Corp v Soler Chrysler-Plymouth, Inc,* 473 US 614, 628; 105 S Ct 3346; 87 L Ed 2d 444 (1985). Were we permitted, we would follow this persuasive line of authority. We apply the holding of the majority opinion in *Rushton, supra,* only because we are required to do so pursuant to MCR 7.215(H).

II

Plaintiff's complaint alleges claims of (1) racial discrimination, (2) handicap discrimination, (3) intentional infliction of emotional distress, and (4) constructive discharge. Plaintiff's claims of intentional infliction of emotional distress and constructive discharge are clearly covered by the arbitration contract and, therefore, the circuit court's order subjecting these claims to arbitration is affirmed. However, pursuant to *Rushton, supra,* plaintiff's claims of racial discrimination and handicap discrimination may not be submitted to arbitration. Accordingly, the lower court's order regarding plaintiff's claims of racial discrimination and handicap discrimination is reversed.

The remaining issues raised on appeal are without merit. We agree with the ruling of the lower court that plaintiff failed to sustain his burden of submitting any evidence he was incompetent to enter into the arbitration contract. Further, we agree that the contract for arbitration is clear and unambiguous with regard to the waiver of substantive legal rights and

that it applies to defendants. We also hold that summary disposition was not prematurely granted, because further discovery was not necessary for plaintiff to discover his own alleged incompetence. Summary disposition is premature if discovery of a disputed issue is incomplete; however, it is appropriate if there is no fair chance that further discovery will result in factual support for the nonmoving party. *Vargo v Sauer*, 215 Mich App 389, 401; 547 NW2d 40 (1996). Moreover, there must be a disputed issue before the court. *Bellows v Delaware McDonald's Corp*, 206 Mich App 555, 561; 522 NW2d 707 (1994). After having been given approximately six months to conduct discovery with regard to the competency issue and the opportunity to supplement any evidence in this regard, the trial court properly held that plaintiff's conclusory averments regarding his own incompetency did not raise a genuine issue of fact. *SSC Associates Ltd Partnership v General Retirement System of the City of Detroit*, 192 Mich App 360, 365-366; 480 NW2d 275 (1991).

Finally, during oral argument, defendants argued that the present case is distinguishable from *Rushton* for the reason that plaintiff's employment allegedly involved interstate commerce and, therefore, is governed by the federal arbitration act, 9 USC 1 *et seq*. We disagree. For the reasons stated in the *Rushton* majority opinion, we hold that plaintiff's employment contract as a breadmaker at defendant Ryan's Family Steakhouse, Inc., was not "a contract evidencing a transaction involving [interstate] commerce . . . . " 9 USC 2. Accordingly, plaintiff's civil rights claims are not preempted by the federal arbitration act.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.